## IN THE UNITED STATES DISTRICT COURT
## FOR OREGON EUGENE DIVISION

FILED'10 JUL 20 10:42USDC-ORE

| | |
|---|---|
| LAWRENCE JAMES SACCATO, | § |
| Plaintiff, ProSe' | § |
| vs. | § CIVIL ACTION NO.10-6192-TC |
| | § TRAIL BY JURY DEMANDED |
| DAVIS LAW FIRM | § |
| | § AMENDED COMPLAINT |
| Defendant | § |
| DKC INVESTMENTS, LLC a/s/o | § |
| Co-Defendant | § |
| FIRST NATIONAL BANK OF OMAHA | § |
| Co-Defendant, | § |

## PLAINTIFFS' STATEMENT OF CLAIM

COMES NOW the Plaintiff, Lawrence James Saccato. Plaintiff is a resident of Douglas County State of Oregon. As such establishing the jurisdiction of this honorable Court.

1.

Plaintiff respectfully submits Plaintiffs Statement of Claim.

The Defendant, Davis Law Firm is a third party debt collector, located at 12220 SW First Street, Beaverton, Oregon 97005 and is governed by the Fair Debt Collection Practices Act (FDCRA) 15 U.S.C. §1692-1692p *et seq.* Co-defendant(s), DKC INVESTMENTS, LLC 1697 N Western Avenue Wenatchee, Washington 98801 a debt purchaser, First National Bank of Omaha, 1620 Dodge Street, Stop 3290, Omaha, NE 68197 is a credit lender and as such is governed under the

law by The Fair Credit Reporting Act (FCRA) 15 USC §1681, et seq. and also reports these accounts to the national credit reporting agencies i.e. Trans Union, Equifax and Experian and Innovis all national credit reporting agencies.

2.

The State of Oregon abides by and adheres to these laws. Thus establishing the jurisdiction of this honorable court. Specifically the Fair Credit Reporting Act § 618 15 USC §1681p, et seq. and the Fair Debt Collection Practices Act (FDCRA) 15 U.S.C. §1692-1692p *et seq.*

3.

The Plaintiff denies ever having any contractual agreement for credit, loans or services relationship with the Defendant Davis Law Firm or Co-Defendant(s) First National Bank of Omaha and DKC Investments L.L.C.. Even if the Plaintiff did have such an agreement, which the Plaintiff denies, the alleged account is not in question here. But the fact as to how it was or was not verified and wrongful actions of the Defendant Davis Law Firm by violating the civil rights of the plaintiff by refusing to validate the alleged debt as outlined in the Fair Debt Collection Practices Act, 15 U.S.C. §1692-1692p *et seq.* and Co-Defendant in inserting erroneous and inaccurate information and failure to indicate the account is in dispute in the Plaintiffs credit reports, violated the civil rights of the Plaintiff and the law as outlined in The Fair Credit Reporting Act 15 USC §1681, et seq.

4.

The Plaintiff requested a copy of his Credit Reports from Experian, Equifax and Trans Union and received copies on June 9, 2009, October 24, 2009 and again in April 2010. The Plaintiff was alerted to this through his credit monitoring service Privacy Guard who also records these transactions.

5.

Upon inspection of the said report, the Plaintiff observed that First National Bank of Omaha was listed on the Plaintiffs Experian and Equifax and Trans Union credit report. Indicating a debt/account due to a revolving account and are reporting erroneous information. First National Bank of Omaha has never contacted the Plaintiff at any time prior to today's date with any allegations of any alleged debt/account. The Plaintiff has not now or ever had any business affiliation or relationship with DKC Investments, LLC or Davis Law Firm. Plaintiff has never applied for any type of mortgage, loan, credit card or insurance or employment reasons with the Defendant or Co-Defendant.

6.

## VIOLATIONS OF FDCRA BY DAVIS LAW FIRM

**COUNT I**

The Plaintiff contacted the Defendant using the U.S. Postal Service on February 22, 2010 which the Defendant received, asking for proof of this alleged account. Defendant has refused to validate the alleged debt and is in violation of the FDCRA. The Plaintiff had contacted the Co-Defendant, First National Bank of Omaha by US mail on several other occasions prior to this and had never received an answer from the Co-Defendant, First National Bank of Omaha and has attempted to have an explanation from the Co-Defendant, First National Bank of Omaha without any response for over a year. Defendant provided a letter with two assignments and bill of sales dated October 27, 2009 and November 13, 2009 respectively purporting that this was a response to the request only it did not contain the alleged account number for the February 22, 2010 request for proof thus violated the civil rights of the Plaintiff and the law as outlined in the Fair

Debt Collection Practices Act, 15 U.S.C. §1692-1692p *et seq*. After not receiving any answer from the Defendant, Davis Law Firm or Co-Defendant, First National Bank of Omaha, the Plaintiff contacted the Defendant on June 16th, 2010 with a final notice of Pending Lawsuit in an attempt to settle this situation amicably to try and get a response from the Defendant prior to filing this complaint. No proof of any account has been received from First National Bank of Omaha, DKC Investments LLC or the Davis Law Firm to indicate any proof of any alleged debt.

7.

The Defendant, Davis Law Firm received <u>this</u> notice of pending law suit on June 17th, 2010 via certified US Mail. The Defendant has never responded to the Plaintiff.

The Plaintiff has tried every way possible to resolve these issues but has never received an answer from Davis Law Firm, DKC Investments LLC or First National Bank of Omaha, forcing the Plaintiff to seek Justice and for the court to intervene in this matter.

8.

The derogatory erroneous and inaccurate information still remains on the Plaintiff's Credit report some to date. The Plaintiff has requested confirmation/disputed this alleged account with Experian and Equifax and Trans Union on several occasions and Experian and Equifax and Trans Union have confirmed that they are reporting it correctly as advised to Experian and Equifax and Trans Union by First National Bank of Omaha.

9.

The Co-Defendant, First National Bank of Omaha must also inform notice of dispute to the Major Credit Reporting agencies that the alleged account is in dispute, which the it has **not** done. The Co-Defendant First National Bank of Omaha has **continued reporting erroneous and inaccurate** information by updating the Plaintiffs credit report for more than a year even after

Page -4-

informing the Co-Defendant of this and asking for proof of any account and has done so to-date. The Co-Defendant is in violation the **Fair Credit Reporting Act [15 U.S.C. § 1681s-2], et seq. As follows:**

A. **Failure to inform the National Credit Reporting Agencies that the alleged account is in dispute and failing to do so for over a year.**

B. **Continually updating the Plaintiff's credit report for over a year with this erroneous and inaccurate information.**

Plaintiff demands judgement in the amount of $24,000.00, or $1,000.00 for each month the Defendant violated the act by updating the Plaintiffs credit reports with <u>inaccurate and erroneous</u> information.

10.

# VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (FCRA) BY CO-DEFENDANT, FIRST NATIONAL BANK OF OMAHA

**COUNT II**

According to the **Fair Credit Reporting Act, section 623. Responsibilities of furnishers of information to consumer reporting agencies [15 U.S.C. § 1681s-2]:**

(a) Duty of furnishers of information to provide accurate information.

(1) Prohibition.

(A) Reporting information with actual knowledge of errors. A person shall not furnish any information relating to a consumer to any consumer-reporting agency if the person knows or consciously avoids knowing that the information is inaccurate.

11.

(B) Reporting information after notice and confirmation of errors. A person shall not furnish information relating to a consumer to any consumer-reporting agency if

(I) **the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and**

(ii) the information is, in fact, inaccurate.

(2) Duty to correct and update information. A person who

(A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

12.

(B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.

13.

(3) **Duty to provide notice of dispute. If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer**.

(b) Duties of furnishers of information upon notice of dispute.

(1) In general. After receiving notice pursuant to section 611(a)(2) [§ 1681i] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [§ 1681i];

(C) report the results of the investigation to the consumer reporting agency; and

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

(2) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611(a)(1) [§ 1681i] within which the consumer reporting agency is required to complete actions required by that section regarding that information.

14.

The Co-Defendant, First National Bank of Omaha has reported this account to all three bureaus since before April 2009 erroneous and inaccurate information through today as they have not provided validation of the alleged debt/account. The information provided from the Co-Defendant, First National Bank of Omaha on the Experian, Equifax and Trans Union credit report of Plaintiff does not reflect that the information is disputed by the consumer. Plaintiff demands judgement for $24,000.00 or $1,000.00 per violation per month per reporting agency.

15.

**VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA) BY CO-DEFENDANT, FIRST NATIONAL BANK OF OMAHA**

**Count III**

Co-Defendant First National Bank of Omaha again violated the FCRA. According to the **Fair Credit Reporting Act, 616. Civil liability for willful noncompliance [15 U.S.C. § 1681n]**, (a) In general. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000, (2) such amount of punitive damages as the court may allow; and (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

Plaintiff demands Judgment in the amount of $12,000.00, $1,000.00 for each month the Defendant violated the act by updating the Plaintiffs credit reports with <u>inaccurate and erroneous</u> information.

16.

**VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA) BY CO-DEFENDANT, FIRST NATIONAL BANK OF OMAHA**

**COUNT IV**

According to the **Fair Credit Reporting Act, section 623. Responsibilities of furnishers of information to consumer reporting agencies [15 U.S.C. § 1681s-2]:**

(a) Duty of furnishers of information to provide accurate information.

(1) Prohibition.

(A) Reporting information with actual knowledge of errors. A person shall not furnish any information relating to a consumer to any consumer-reporting agency if the person knows or consciously avoids knowing that the information is inaccurate.

(B) Reporting information after notice and confirmation of errors. A person shall not furnish information relating to a consumer to any consumer-reporting agency if

(I) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and

(ii) the information is, in fact, inaccurate.

(2) Duty to correct and update information. A person who

(A) **regularly and in the ordinary course of business furnishes information** to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

17.

(B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.

18.

(3) **Duty to provide notice of dispute. If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.**

Page -9-

(b) Duties of furnishers of information upon notice of dispute.

(1) In general. After receiving notice pursuant to section 611(a)(2) [§ 1681i] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [§ 1681i];

(C) report the results of the investigation to the consumer reporting agency; and

19.

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

(2) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph.

(1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611(a)(1) [§ 1681i] within which the consumer reporting agency is required to complete actions required by that section regarding that information. Plaintiff demands Judgment in the amount of $12,000.00, $1,000.00 for each month the Defendant violated the act by updating the Plaintiffs credit reports and failing to report the alleged account in dispute.

20.

**VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA) BY CO-DEFENDANT, FIRST NATIONAL BANK OF OMAHA**

## COUNT V

Plaintiff has notified the Co-Defendant, First National Bank of Omaha multiple times by US mail that the Plaintiff disputes the inaccurate information. Co-Defendant continues to report the alleged debt on the Experian and Equifax and Trans Union credit report of Plaintiff to date. According to the **Fair Credit Reporting Act, 616. Civil liability for willful noncompliance [15 U.S.C. § 1681n]**,

(a) In general. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000, (2) such amount of punitive damages as the court may allow; and (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

21.

Plaintiff has a negative Equifax credit score of 506 as of this date and has been denied credit at reasonable rates because of the **willful noncompliance** actions **erroneous and inaccurate** reporting and/or inaction's of the defendants.

22.

According to the **Fair Credit Reporting Act, 617. Civil liability for negligent noncompliance [15 U.S.C. § 1681o]**

(a) In general. Any person who is **negligent in failing to comply** with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure;

(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

23.

Plaintiff has suffered injury in the form of Defamation of character.

24.

**VIOLATION OF FDCRA BY DAVIS LAW FIRM**

**COUNT VI**

The Defendant, Davis Law Firm also violated Section **809. Validation of debts [15 USC 1692g]** of the FDCRA by not providing proof of the alleged debt as requested by the Plaintiffs letter of April 26, 2010 by continuous collection activity prior to validation of the debt.

(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Plaintiff demands judgment for $1000.00

25.

**Count VII**

Overshadowing the document sent to the Plaintiff stated to "review and remit balance in full to the above address" which overshadows the consumer warning on the document 1996 U.S. Dist. LEXIS 22555, DEBRA TYCHEWICZ, Plaintiff, v. RICHARD DOBBERSTEIN d/b/a CREDIT

ASSOCIATES, Defendant. 96-C-0195-S UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WISCONSIN

Plaintiff demands judgment for $1000.00

26.

**WHEREFORE**, the Defendant, Davis Law Firm violated the Fair Debt Collection Practices (FDCRA) and Co-Defendant First National Bank of Omaha have violated the Fair Credit Reporting Act (FCRA), Plaintiff demands judgment in the amount of $74,000.00 for their violations of the FDCRA and FCRA, plus all costs of this action along with punitive damages in the amount of $150,000.00 or as the court may allow along with Private Attorney General fees of $3,000.00 as prescribed by law Graziano v. Harrison, 950 F.2d 107, 113 (3d Cir. 1991), 15 U.S.C. sec. 1692k(a)(3),(see Zagorski v. Midwest Billing Services, Inc., F.3d--- (1997 WL 695401, 7th Cir.) or 128 F. 3d 1164 (7th Cir., 1997) .

27.

## Complaint/Statement of Claim against The Creditor(s)

The preceding case is in reference to an alleged account that was held by Co-Defendant First National Bank of Omaha and was purchased by Co-Defendant DKC Investments which is represented by Defendant Davis Law Firm. This account has been SOLD (as stated by Joseph W Barry, Sr. Vice President and Amy Beuchard, Vice President of First National Bank of Omaha) to Global Acceptance Credit Company LP and to DKC Investments, LLC.

The Law of Agency applies in this matter.

The Plaintiff had contacted the Co-Defendant, First National Bank of Omaha, the co-defendant / credit provider on or about April 2009 in reference to erroneous and inaccurate reporting in the Plaintiffs Credit Report this is covered under the FCRA, the Fair Credit Reporting Act 15 USC Section §1681, *et seq.*

Respectfully submitted this 19st day of July 2010.

*Lawrence James Saccato*

Plaintiff ProSe'

Lawrence James Saccato
6387 Old Hwy 99S
Roseburg, Oregon 97471
541-784-2284
ljsaccato@gmail

# CERTIFICATE OF SERVICE

I hereby certify that a copies of the forgoing Amended Complaint for Case # 10-6192-TC with were sent with the original summons by United States Post Office First Class Mail to:

Clerk of the Court
Wayne L. Morse
United States Courthouse
405 East Eighth Avenue
Eugene, Oregon 97401

It was deposited in the United States Post Office in Winston Oregon on July 19, 2010.

Davis Law Firm
12220 SW First Street
Beaverton, Oregon 97005

DKC Investments, L.L.C.
Brian Fair
1697 N Western Avenue
Wenatchee,, Washington 98801

First National Bank of Omaha
Maureen O'Connor
1620 Dodge Street Stop 3290
Omaha, Nebraska 68197

They were deposited in the United States Post Office in Winston Oregon on July 23, 2010

*LAWRENCE JAMES SACCATO*
Lawrence James Saccato, Plaintiff
c/o 6387 Old Highway 99 S
Roseburg, Oregon 97471
541-784-2284 mess.
ljsaccato@gmail.com