Jeffrey I. Hasson                                    Honorable Thomas M. Coffin
Attorney at Law
12707 NE Halsey St.
Portland, OR 97230
Phone: (503) 255-5352
Facsimile: (503) 255-6124
E-Mail: hasson@dhlaw.biz
Oregon State Bar No. 872419
Attorney for DKC Investments, LLC

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LAWRENCE JAMES SACCATO, | Case No.: 6:10-CV-06192-TC |
| Plaintiff, | |
| vs. | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DKC INVESTEMENTS, LLC'S MOTION TO DISMISS |
| DAVIS LAW FIRM, DKC INVESTMENTS, LLC, AND FIRST NATIONAL BANK OF OMAHA | |
| Defendants. | |

        Pursuant to FRCP 12(b)(6), defendant DKC Investments, LLC (DKC), by and through its

attorney, Jeffrey I. Hasson, moves the court to dismiss this case for the reason that Plaintiff has

failed to state a claim upon which relief can be granted.

        Plaintiff agreed to dismiss all claims against DKC under the Fair Credit Reporting Act,

15 USC § 1681 et seq. (FCRA) because DKC does not furnish any information to any credit

reporting agencies.

        Therefore, the only claim remaining appears to be some sort of claim under the Fair Debt

collection Practices Act, 15 USC § 1692 et seq. (FDCPA).

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DKC INVESTEMENTS, LLC'S MOTION
TO DISMISS -- Page 1

Davenport & Hasson, LLP
Attorneys at Law
12707 NE. Halsey Street
Portland, OR 97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

POINTS AND AUTHORITIES

## 1. JURISDICTION

The court has jurisdiction over the claim under the FDCPA pursuant to 28 U.S.C. § 1331.

## 2. LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to FRCP 12(b)(6) tests the legal sufficiency of the claims in the Plaintiff's Complaint. The review is limited to the Complaint, and all allegations of material fact are taken as true and viewed in the light most favorable to the non-moving party. Cassettari v. Nevada County, Cal., 824 F.2d 735, 737 (9th Cir.1987).

"To survive a motion to dismiss, a Complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, ____ (2009).

A plaintiff's factual allegations must raise a right to relief "above the speculative level." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007); 5 C. Wright and A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ("The pleading must contain something more...than...a statement of facts that merely creates a suspicion of a legally cognizable right of action").

It is a plaintiff's obligation to provide the "grounds" of his entitlement to relief which requires more than labels and conclusions. Id.

A Complaint does not suffice "if it offers naked assertions devoid of further factual enhancement." Iqbal, 129 S. Ct. at___. "Where a Complaint pleads facts that are 'merely consistent with a defendant's liability', it 'stops short of the line between possibility and plausibility of entitlement to relief.' It demands more than an unadorned, the defendant unlawfully harmed me accusation." Id.

## 3. ARGUMENT

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DKC INVESTEMENTS, LLC'S MOTION
TO DISMISS -- Page 2

Davenport & Hasson, LLP
Attorneys at Law
12707 NE. Halsey Street
Portland, OR  97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

Plaintiff has failed to state claims upon which relief can be granted pursuant to FRCP 12(b)(6).

Plaintiff's allegations do not state claims for relief that are plausible on their face, or establish a right to relief above a speculative level. <u>Ashcroft v. Iqbaul</u> __ U.S. __, 129 S. Ct. 1937, ____ (2009); *See* <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007).

## A. GENERAL ALLEGATIONS

The first claim [Count I] in the complaint is against "Davis Law Firm" (Davis) [P. 3]. There are no alleged wrongdoings by DKC in this claim for relief.

The second claim [Count II] in the complaint is against "First National Bank of Omaha" (FNB) for alleged violation of the FCRA [P. 5]. DKC could never be liable for this claim since it does not furnish information to credit reporting agencies.

The third claim [Count III] in the complaint is against FNB for alleged violation of the FCRA [P. 7]. DKC could never be liable for this claim since it does not furnish information to credit reporting agencies.

The fourth claim [Count IV] in the complaint is against FNB for alleged violation of the FCRA [P. 8]. DKC could never be liable for this claim since it does not furnish information to credit reporting agencies.

The fifth claim [Count V] in the complaint is against FNB for alleged violation of the FCRA [P. 10]. DKC could never be liable for this claim since it does not furnish information to credit reporting agencies.

The sixth claim [Count VI] in the complaint is against Davis [P. 12]. There are no alleged wrongdoings by DKC in this claim for relief.

The seventh claim [Count VII] in the complaint is against Davis [P. 12]. There are no alleged wrongdoings by DKC in this claim for relief.

After the prayer, Plaintiff makes the legal conclusion that "The Law of Agency applies to

Davenport & Hasson, LLP
Attorneys at Law
12707 NE. Halsey Street
Portland, OR  97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

this matter." [P.13]. However, there are no factual allegations that would support a claim against DKC.

**FDCPA CLAIM**

Even if DKC were liable for the actions of Davis, Plaintiff could not state a claim for relief under the FDCPA.

To be liable for the actions of another, the 'principal' must exercise control over the conduct or activities of the 'agent.' <u>Clark v. Capital Credit & Collection Servs., Inc.</u>, 460 F.3d 1162, 1173 (9th Cir. 2006).

Plaintiff cannot plead or prove that DKC exercises control over Davis' actions when it came to sending a letter to Plaintiff, or responding to Plaintiff.

15 USC § 1692g states, in part:

(a) Notice of debt; contents  Within five days after the initial communication with a consumer  in connection with the collection of any debt, a debt collector  shall, unless the following information is contained in the initial  communication or the consumer has paid the debt, send the consumer  a written notice containing -
(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
(3) a statement that unless the consumer, within thirty days  after receipt of the notice, disputes the validity of the debt,  or any portion thereof, the debt will be assumed to be valid by  the debt collector;
(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will  obtain verification of the debt or a copy of a judgment against  the consumer and a copy of such verification or judgment will be  mailed to the consumer by the debt collector; and
(5) a statement that, upon the consumer's written request  within the thirty-day period, the debt collector will provide the  consumer with the name and address of the original creditor, if  different from the current creditor.

(b) Disputed debts  ***If the consumer notifies the debt collector in writing within the  thirty-day period*** described in subsection (a) of this section that  the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, ***the debt collector shall cease collection of the debt, or any disputed  portion thereof, until the debt collector obtains verification of  the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or  name and address of the original creditor, is mailed to the  consumer by the debt collector.*** Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DKC INVESTEMENTS, LLC'S MOTION TO DISMISS -- Page 4

Davenport & Hasson, LLP
Attorneys at Law
12707 NE. Halsey Street
Portland, OR  97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor. 15 USC § 1692g. *[For Emphasis.]*

There are no facts alleged that Plaintiff disputed the debt to DKC in writing within 30 days of the initial communication. Unless the debt was disputed in writing within 30 days of the initial communication, there is no obligation to verify the debt.

Plaintiff seems to plead that he was provided verification of the debt by Davis on or about 10/27/09 and 11/13/09 [p.3]. If this were the case, a letter to Davis dated 2/22/10 would not be a written dispute within 30 days of the initial communication.

As a matter of Count I fails because Plaintiff knows that neither Davis, or DKC furnish information to credit reporting agencies.

The same would be true for Count VI since the letter of 4/26/10 [p. 12] could never be within 30 days of the initial communication that plaintiff acknowledges receiving since he states that it contains overshadowing language.

The overshadowing allegation fails since he fails to state the language that is overshadowed.

Plaintiff's allegations fail to rise to a right of relief above a speculative level. *See* <u>Bell Atl. Corp. V. Twombly</u>, 127 S.Ct. at 1964-65. Plaintiff's allegations include no statement of facts that would provide the grounds for entitlement to relief for his 15 USC 1692 claim. Plaintiff merely asserts labels and conclusions that do not rise to the level of "plausibility of entitlement to relief." *See* <u>Iqbaul</u>, *supra*.

Therefore, the complaint allegations as to an FDCPA violation are insufficient to state a claim for relief.

**B. CONCLUSION**

Plaintiff's Complaint under the FDCPA is the perfect example of what <u>Iqbal</u> calls "an unadorned the defendant unlawfully harmed me accusation." 129 S. Ct. 1937 at _____. All of

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DKC INVESTEMENTS, LLC'S MOTION
TO DISMISS -- Page 5

Davenport & Hasson, LLP
Attorneys at Law
12707 NE. Halsey Street
Portland, OR 97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

Plaintiff's alleged claims lack grounds for entitlement to relief and do not rise above the speculative level. *See* <u>Twombly</u>, *supra*.

The potential claims are unaccompanied by any factual content, and certainly not factual content "that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *See* <u>Iqbal</u>, *supra.* Plaintiff's Complaint offers only "naked assertions" and pleads facts that do not rise to the *unacceptable* standard of being "merely consistent with...liability." <u>Id</u>., emphasis added.

Therefore, Plaintiff fails to meet the legal sufficiency required to state a claim. Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted. FRCP 12(b)(6).

Therefore, the Complaint against DKC must be dismissed.

Dated: August 16, 2010.

s/ Jeffrey I. Hasson
Jeffrey I. Hasson, OSB#872419
Davenport & Hasson, LLP
Phone: (503) 255-5352
Attorney for DKC

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DKC INVESTEMENTS, LLC'S MOTION
TO DISMISS -- Page 6

Davenport & Hasson, LLP
Attorneys at Law
12707 NE. Halsey Street
Portland, OR 97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

Certificate of Service

I hereby certify that on August 16, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:  Robert Sabido   and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:  Lawrence James Saccato, 6387 Old Hwy 99S, Roseburg, OR 97471.

s/ Jeffrey I. Hasson
Jeffrey I. Hasson, OSB#872419
Attorney for DKC
Davenport & Hasson, LLP
12707 NE Halsey St.
Portland, OR 97230
Phone: (503) 255-5352
Facsimile: (503) 255-6124
E-Mail: hasson@dhlaw.biz

CERTIFICATE OF SERVICE -- Page 1

Davenport & Hasson, LLP
Attorneys at Law
12707 NE. Halsey Street
Portland, OR  97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124