## IN THE UNITED STATES DISTRICT COURT
## FOR OREGON EUGENE DIVISION

| | | |
|---|---|---|
| LAWRENCE JAMES SACCATO, | § | FILED'10 AUG 17 11:22USDC-ORE |
| | § | |
| Plaintiff, ProSe' | § | |
| | § | |
| vs. | § | CIVIL ACTION NO.10-6192-TC |
| | § | TRAIL BY JURY DEMANDED |
| DAVIS LAW FIRM, | § | |
| | § | THIRD AMENDED COMPLAINT |
| Defendant | § | |
| | § | (Unlawful Debt Collection |
| DKC INVESTMENTS, LLC a/s/o | § | Practices under 15 USC 1692 |
| | § | *et. seq*, and ORS 646.639 *et. seq*.) |
| Co-Defendant | § | (Unlawful Fair Credit Reporting |
| | § | under 15 USC §1681, *et seq*) |
| FIRST NATIONAL BANK | § | |
| OF OMAHA, | § | Trial By Jury Demanded |
| | § | |
| Co-Defendant, | § | |

## STATEMENT OF CLAIM AGAINST DAVIS LAW FIRM , DKC INVESTMENT LLC AND FIRST NATIONAL BANK OF OMAHA

COMES NOW the Plaintiff, Lawrence James Saccato.  Plaintiff is a resident of Douglas  County

State of Oregon. As such establishing the jurisdiction of this honorable Court.

1.

Plaintiff respectfully submits Plaintiffs Statement of Claim. Plaintiff's Complaint is based on the

Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (FDCPA) and the Fair Credit

Reporting Act 15 U.S.C. § 1681 et seq. (FCRA)

The Defendant, Davis Law Firm is a third party debt collector, located at 12220 SW First Street,

Beaverton, Oregon 97005 and is governed by the Fair Debt Collection Practices Act (FDCRA)

15 U.S.C. §1692-1692p *et seq.*

2.

Davis Law Firm Defendant(s) acted on behalf of Co-Defendant DKC Investments LLC, a debt purchaser, 1697 N. Western Avenue Wenatchee, Washington 98801 and its agents employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

3,

Co-Defendant, First National Bank of Omaha, 1620 Dodge Street, Stop 3290, Omaha, NE 68197 is a credit lender and as such is governed under the law by The Fair Credit Reporting Act (FCRA) 15 USC §1681, et seq. and also reports these accounts to the national credit reporting agencies i.e. Trans Union, Equifax and Experian and Innovis all national credit reporting agencies.

4.

The State of Oregon abides by and adheres to these laws. Thus establishing the jurisdiction of this honorable court. Specifically the Fair Credit Reporting Act § 618 15 USC §1681p, *et seq.* and the Fair Debt Collection Practices Act (FDCRA) 15 U.S.C. §1692-1692p *et seq.*

5.

The Plaintiff denies ever having any contractual agreement for credit, loans or services relationship with the Defendant Davis Law Firm or Co-Defendant(s) First National Bank of Omaha and DKC Investments L.L.C.. Even if the Plaintiff did have such an agreement, which the Plaintiff denies, the alleged account is not in question here, but the fact as to how it was or was not verified and wrongful actions of the Defendant Davis Law Firm by violating the civil rights

of the plaintiff by refusing to validate the alleged debt as outlined in the Fair Debt Collection

Practices Act, 15 U.S.C. §1692-1692p *et seq.*

6.

The Plaintiff requested a copy of his Credit Reports from Experian, Equifax and Trans Union and

received copies on or about June 9, 2009, October 24, 2009 and again in April 2010. The

Plaintiff was alerted to this through his credit monitoring service Privacy Guard who also records

these transactions.

7.

Upon inspection of the said report, the Plaintiff observed that First National Bank of Omaha was

listed on the Plaintiffs Experian and Equifax and Trans Union credit report. Indicating a

debt/account due to a revolving account and they were reporting erroneous and inaccurate

information.  First National Bank of Omaha has never contacted the Plaintiff at any time prior to

today's date with any allegations of an alleged debt/account. The Plaintiff has not now or ever

had any business affiliation or relationship with DKC Investments, LLC  or Davis Law Firm.

Plaintiff has never applied for any type of mortgage, loan, credit card or insurance or employment

reasons with the Defendant or Co-Defendant.

**VIOLATIONS OF FDCRA BY DAVIS LAW FIRM ON BEHALF OF DKC**

**INVESTMENTS LLC**

**COUNT I**

8.

Defendant, Davis Law Firm on behalf of Co-Defendant, DKC Investments LLC, contacted

Plaintiff regarding an alleged debt and demanded payment of an alleged debt. DKC Investments

LLC chose to contract with Defendant, Davis Law Firm to collect the alleged debt as a result of

Davis Law Firm's collection practices. Co-Defendant, DKC Investment LLC, failed to do it's

proper due diligence prior to contracting with the Defendant Davis Law Firm.

Co-Defendant DKC Investment LLC failed to require  Defendant, Davis Law Firm  to fully

comply with the Fair Debt Collection Practices Act, 15 U.S.C. §1692-1692p *et seq.*  By DKC

Investments LLC not demanding Davis Law Firm's strict compliance with the FDCPA they

exposed Plaintiff to the damages and civil rights violations caused by the Defendant, Davis Law

Firm.

9.

Co-Defendant, DKC Investments LLC may have also violated  42 U.S.C. § 1985(3). Conspiracy

to interfere with civil rights, If two or more persons in any State or Territory conspire or go in

disguise on the highway or on the premises of another, for the purpose of depriving, either

directly or indirectly, any person or class of persons of the equal protection of the laws, or of

equal privileges and immunities under the laws;

10.

The Plaintiff contacted the Defendant, Davis Law Firm using the U.S. Postal Service  on

February 22, 2010 which the Defendant received, asking for proof of the alleged account.

Defendant, Davis Law Firm has failed to properly validate the alleged debt as required and

violated the FDCRA.

11.

Defendant Davis Law Firm provided a letter with two assignments and bills of sale dated

October 27, 2009 and November 13, 2009 respectively purporting that this was a response to the

February 22, 2010 request for validation, only it did not contain the account number for any

alleged account or a ledger accounting of the alleged debt, thus violated the civil rights of the

Plaintiff and the law as outlined in the Fair Debt Collection Practices Act, 15 U.S.C. §1692-

1692p *et seq.*

12.

After not receiving any answer from the Defendant, Davis Law Firm, the Plaintiff contacted the

Defendant on June 16th, 2010 with a Final Notice of Pending Lawsuit in an attempt to settle this

dispute amicably to get a response from the Defendant prior to filing this complaint. No valid

proof or verification of any alleged account has been received from the Davis Law Firm to

properly validate the alleged debt.

13.

The Defendant, Davis Law Firm received the notice of pending law suit on June 17th, 2010, via

certified US Mail. The Plaintiff has tried every way possible to resolve these issues but has never

received an answer from them forcing the Plaintiff to seek Justice and for the court to intervene

in this matter. Plaintiff demands judgment for $ 6000.00.


**COUNT II**

**VIOLATION OF FDCRA BY DAVIS LAW FIRM ON BEHALF OF  DKC
INVESTMENTS LLC.**

14.

The Defendant, Davis Law Firm also violated Section **809. Validation of debts [15 USC 1692g]**

of the FDCRA by not providing proof of the alleged debt as requested by the Plaintiffs letter of

April 26, 2010 and by continuous collection activity prior to validation of the debt.

(b) If the consumer notifies the debt collector in writing within the thirty-day period described in

subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the

name and address of the original creditor, the debt collector shall cease collection of the debt, or

any disputed portion thereof, until the debt collector obtains verification of the debt or any copy

of a judgment, or the name and address of the original creditor, and a copy of such verification or

judgment, or name and address of the original creditor, is mailed to the consumer by the debt

collector. Plaintiff demands judgment for $3,000.00.


## COUNT III

# VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (FCRA) BY CO-DEFENDANT, FIRST NATIONAL BANK OF OMAHA


15.

The Plaintiff requested a copy of his Credit Report from Experian, Equifax and Trans Union on

June 9, 2009, October 24, 2009 and again in April 2010. The Plaintiff was alerted to this through

his credit monitoring service Privacy Guard who also records these transactions.


16.

The Plaintiff contacted the Co-Defendant, First National Bank of Omaha, the co-defendant / credit

provider on or about April 2009 with a letter of dispute regarding the alleged account in reference to

erroneous and inaccurate reporting in the Plaintiffs Credit Report this is covered under the FCRA,

the Fair Credit Reporting Act 15 USC Section §1681, *et seq.*

17.

According to the **Fair Credit Reporting Act, section 623. Responsibilities of furnishers of**

**information to consumer reporting agencies [15 U.S.C. § 1681s-2]:**

(a) Duty of furnishers of information to provide accurate information.

(1) Prohibition.

(A) Reporting information with actual knowledge of errors. A person shall not furnish any

information relating to a consumer to any consumer-reporting agency if the person knows or

consciously avoids knowing that the information is inaccurate.

18.

(B) Reporting information after notice and confirmation of errors. A person shall not furnish

information relating to a consumer to any consumer-reporting agency if

(I) **the person has been notified by the consumer, at the address specified by the person for**

**such notices, that specific information is inaccurate; and**

19.

(3) **Duty to provide notice of dispute. If the completeness or accuracy of any information**

**furnished by any person to any consumer reporting agency is disputed to such person by a**

**consumer, the person may not furnish the information to any consumer reporting agency**

**without notice that such information is disputed by the consumer**.

(1) In general. After receiving notice pursuant to section 611(a)(2) [§ 1681i] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [§ 1681i];

(C) report the results of the investigation to the consumer reporting agency; and

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

(2) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611(a)(1) [§ 1681i] within which the consumer reporting agency is required to complete actions required by that section regarding that information.

20.

The Co-Defendant, First National Bank of Omaha has reported this account to all three bureaus since on or about April 2009 with erroneous and inaccurate information through today and they have not provided proof of the alleged debt/account. The information provided from the Co-Defendant, First National Bank of Omaha on the Experian, Equifax and Trans Union credit report of Plaintiff does not reflect that the information is disputed by the consumer. Plaintiff demands judgement for $24,000.00 or $1,000.00 per violation per month per reporting agency.

# COUNT IV

## VIOLATION OF THE(FCRA) BY CO-DEFENDANT, FIRST NATIONAL BANK OF OMAHA

21.

Co-Defendant First National Bank of Omaha again violated the FCRA. According to the **Fair Credit Reporting Act, 616. Civil liability for willful noncompliance [15 U.S.C. § 1681n]**, (a) In general. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000, (2) such amount of punitive damages as the court may allow; and (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

Plaintiff demands Judgment in the amount of $12,000.00, $1,000.00 for each month the Defendant violated the act by updating the Plaintiffs credit reports with <u>inaccurate and erroneous</u> information.

# COUNT V

## VIOLATION OF THE  (FCRA) BY CO-DEFENDANT, FIRST NATIONAL BANK OF OMAHA

22.

According to the **Fair Credit Reporting Act, section 623. Responsibilities of furnishers of information to consumer reporting agencies [15 U.S.C. § 1681s-2]:**
(a) Duty of furnishers of information to provide accurate information.

(1) Prohibition.

(A) Reporting information with **actual knowledge of errors**. A person shall not furnish any information relating to a consumer to any consumer-reporting agency if the person knows or consciously avoids knowing that the information is inaccurate.

(B) Reporting information after notice and confirmation of errors. A person shall not furnish information relating to a consumer to any consumer-reporting agency if

(I) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and

(ii) the information is, in fact, inaccurate.


(2) Duty to correct and update information. A person who

(A) **regularly and in the ordinary course of business furnishes information** to one or more consumer reporting agencies about the person's transactions or experiences with any consumer;


23.

(3) **Duty to provide notice of dispute. If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.**

(b) Duties of furnishers of information upon notice of dispute.

(1) In general. After receiving notice pursuant to section 611(a)(2) [§ 1681i] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [§ 1681i];

(C) report the results of the investigation to the consumer reporting agency; and

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

(2) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph.

(1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611(a)(1) [§ 1681i] within which the consumer reporting agency is required to complete actions required by that section regarding that information. Plaintiff demands Judgment in the amount of $12,000.00, $1,000.00 for each month the Defendant violated the act by updating the Plaintiffs credit reports and failing to report the alleged account in dispute.


## VIOLATION OF THE (FCRA) BY CO-DEFENDANT, FIRST NATIONAL BANK OF OMAHA

24.

### COUNT V

Co-Defendant, First National Bank of Omaha also violated **15 U.S.C. § 1681n. Civil liability for willful noncompliance** the **Fair Credit Reporting Act, 616.**

(a) In general. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less

than $100 and not more than $1,000, (2) such amount of punitive damages as the court may

allow; and (3) in the case of any successful action to enforce any liability under this section, the

costs of the action together with reasonable attorney's fees as determined by the court.


25.

Plaintiff has a negative Equifax credit score of 506 as of this date and has been denied credit at

reasonable rates because of the **willful noncompliance** actions and **erroneous and inaccurate**

reporting and/or inaction's of the Co-Defendant. Plaintiff demands Judgment in the amount of

$12,000.00, $1,000.00 for each month the Defendant violated the act by willful noncompliance


## VIOLATION OF THE  (FCRA) BY CO-DEFENDANT, FIRST NATIONAL BANK OF OMAHA

## COUNT VI

26.

Co-Defendant, First National Bank of Omaha also violated the **Fair Credit Reporting Act, 617.**

**Civil liability for negligent noncompliance [15 U.S.C. § 1681o]**

(a) In general. Any person who is **negligent in failing to comply** with any requirement imposed

under this title with respect to any consumer is liable to that consumer in an amount equal to the

sum of  (1) any actual damages sustained by the consumer as a result of the failure;

(2) in the case of any successful action to enforce any liability under this section, the costs of the

action together with reasonable attorney's fees as determined by the court.


27.

Plaintiff has suffered injury in the form of Defamation of character.

.

## VIOLATIONS OF FDCRA BY DAVIS LAW FIRM ON BEHALF OF DKC
## INVESTMENTS LLC

**Count VII**

28.

Overshadowing the document sent to the Plaintiff stated to "contact our office in writing to make arraignments for payment of this debt within 10 days" which overshadows the consumer warning on the document 1996 U.S. Dist. LEXIS 22555, DEBRA TYCHEWICZ, Plaintiff, v. RICHARD DOBBERSTEIN d/b/a CREDIT ASSOCIATES, Defendant. 96-C-0195-S UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WISCONSIN

Plaintiff demands judgment for $1000.00

29.

**WHEREFORE,** the Defendant, Davis Law Firm on behalf of Co-Defendant

DKC Investments LLC violated the Fair Debt Collection Practices (FDCRA) and Co-Defendant First National Bank of Omaha  violated the Fair Credit Reporting Act (FCRA), Plaintiff demands judgment in the amount of $73,000.00 for their violations of the FDCRA and FCRA, plus all costs of this action along with punitive damages in the amount of $150,000.00 or as the court may allow along with Private Attorney General fees of $3,000.00 as prescribed by law Graziano v. Harrison, 950 F.2d 107, 113 (3d Cir. 1991), 15 U.S.C. sec. 1692k(a)(3),(see Zagorski v. Midwest Billing Services, Inc., F.3d--- (1997 WL 695401, 7th Cir.) or 128 F. 3d 1164 (7th Cir., 1997) .

30.

Plaintiff re-alleges paragraphs 1 through 30 as though fully set forth herein.

## **SUMMATION**

This case is in reference to an alleged account that was held by Co-Defendant First National Bank of

Omaha and was sold/traded/exchanged to and through  Global Acceptance Credit Company LP

among others and ultimately ending up with allegedly with DKC Investments, LLC.

Plaintiff's civil rights have been violated by the Defendant, Davis Law Firm and both of the Co-

Defendant's, DKC Investments LLC and First National Bank of Omaha.  As a result of the

Defendant and Co-Defendant's actions the Plaintiff  has a negatively impacted credit score and

credit report to this date. The Plaintiff has been denied credit and/or denied credit at reasonable

rates because of the willful noncompliance and negligent actions of erroneous and inaccurate

reporting and collection's and/or inaction's of the Defendant and Co-Defendants.

The Law of Agency applies in this matter.

Respectfully submitted this 16th day of August 2010.

LAWRENCE SACCATO

Plaintiff ProSe'
Lawrence James Saccato
6387 Old Hwy 99S
Roseburg, Oregon 97471
541-784-2284
ljsaccato@gmail

# CERTIFICATE OF SERVICE

I hereby certify that a copies of the forgoing Third Amended Complaint for Case # 10-6192-TC with were sent by First Class Mail with postage prepaid through the United States Post Office to:

Clerk of the Court
Wayne L. Morse
United States Courthouse
405 East Eighth Avenue
Eugene, Oregon 97401

It was deposited in the United States Post Office in Winston Oregon on August 16, 2010.

Robert E. Sabido for Davis Law Firm
805 SW Broadway 8th Floor
Portland, Oregon 97205

Jeffrey Hasson for DKC Investments LLC
12707 NE Halsey Street
Portland, Oregon 97230

First National Bank of Omaha
Maureen O'Connor
1620 Dodge Street Stop 3290
Omaha, Nebraska 68197

They were deposited in the United States Post Office in Winston Oregon on August 16, 2010

*Lawrence Saccato*

Lawrence James Saccato, Plaintiff
c/o 6387 Old Highway 99 S
Roseburg, Oregon 97471
541-784-2284 mess.
ljsaccato@gmail.com