IN THE UNITED STATES DISTRICT COURT
FOR OREGON EUGENE DIVISION

| | | |
|---|---|---|
| LAWRENCE JAMES SACCATO, | § § | FILED'10 AUG 19 10:44USDC-ORE |
| | § | CIVIL ACTION NO.10-6192-TC |
| Plaintiff, ProSe' | § § | |
| vs. | § § § | MOTION IN OPPOSITION TO CO-DEFENDANTS DKC INVESTMENTS |
| DAVIS LAW FIRM, | § § | LLC MOTION TO DISMISS |
| Defendant | § § | |
| | § | (Unlawful Debt Collection |
| DKC INVESTMENTS, LLC a/s/o | § § | Practices under 15 USC 1692 *et. seq*, and ORS 646.639 *et. seq.*) |
| Co-Defendant | § § | (Unlawful Fair Credit Reporting under 15 USC §1681, *et seq*) |
| FIRST NATIONAL BANK OF OMAHA, | § § | Trial By Jury Demanded |
| | § | |
| Co-Defendant, | § | |

# MOTION IN OPPOSITION TO CO-DEFENDANTS DKC INVESTMENTS LLC MOTION TO DISMISS

Comes now the Plaintiff Lawrence James Saccato and hereby submits his opposition to the Co-Defendant, DKC Investments LLC's Motion to Dismiss. The Plaintiff brought this action against the Defendant, Davis Law Firm and the Co-Defendant DKC Investments LLC and First National Bank of Omaha. Davis Law Firm acting under contract and on behalf of Co-Defendant, DKC Investments LLC, violated Plaintiffs Civil Rights violation(s) of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692-1692p.

1.

On Friday August 13, 2010 at 2:30 pm, Plaintiff held a telephonic conference with Jeffrey Hasson, Co-Defendant, DKC Investment LLC's attorney. Jeffery Hasson agreed to grant

Plaintiff until Monday August 16th 2010 to amend it's complaint to clarify certian issues regarding the causes of action against his client DKC Investments LLC.

2.

Plaintiff filed the Amended Complaint on August 16, 2010 as per agreement (see certification of mailing attached herewith). DKC Investments LLC's Attorney, Jeffrey Hasson, pre-empted the agreement of August 13, 2010 by filing a motion to dismiss prior to his review of the Amended Complaint.

3.

This case is about what Defendant Davis Law Firm acting in conjunction and under contract with DKC Investments LLC and its agents employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, **did or did not do when challenged under FDCPA**. These laws are geared directly at the debt collection practices compliance. It is what they are suppose to do when challenged in debt collection and their practices.

The issues in this complaint are not of any alleged debt, but the methods used by Defendant Davis Law Firm for an on behalf of DKC Investments LLC's violations of FDCPA 15 U.S.C. §§1692-1692p. Specifically, Plaintiff has incurred damages by virtue of Defendants having used harassment, oppression and abuse in the unfair and unconscionable methods conducted with regard to and in conjunction with that specified in FDCPA 15 U.S.C. §1692 § 802:

4.

**Congressional findings and declaration of purpose**

**(a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy;**

**and also in conjunction with FDCPA 15 U.S.C. §§1692(e)** *A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.*

5.

The Plaintiff has incurred much personal, and financial damages as a result of DKC Investments LLC through Defendant Davis Law Firms actions, pursuant to their violations of FDCPA 15 U.S.C. § 1692(d)(e)(f)(g); and in their continued and unconscionable activities against Plaintiff. The

Defendant Davis Law Firm has failed to adequately and competently validate any alleged debt with information From Co-Defendant DKC Investments and or Co-Defendant First National Bank of Omaha, and continued collection activities.

6.

It is ludicrous to believe and simply assume that "what the 'debt collector' says is allegedly owed is absolutely to be taken as what is being owed," The Consumer has the right to demand strict proof of any alleged claim that is being demanded from them. How is one to know if there are any mistakes, omissions, error in claim, or especially what exactly the claim entails, without being provided with the particulars regarding that claim?     See *Spears v. Brennan*, Issue Four.
*Spears* v. *Brennan*, Indiana Court of Appeals, March 26, 2001, Issue Four: "Finally, we address Spears' claim that Brennan violated 15 U.S.C. § 1692g(b) when he failed to cease collection of the debt after receiving Spears' written notification, within the thirty-day debt validation period, that Spears was disputing the debt 15 U.S.C. § 1692g(b) reads: If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.
I5 U.S.C. § 1692g(b) (emphasis added). On November 12, 1996, nineteen days after the date of Brennan's debt collection letter, Spears' counsel Shepard sent Brennan a letter declaring that Spears "disputes your debt collection-related allegations, denies the same, and demands strict proof and verification thereof." Record at 21. As such, Brennan should have ceased his debt collection efforts immediately upon receiving that letter. Instead, Brennan proceeded to obtain a default judgment against Spears on the debt collection claim before he had mailed Spears the necessary

verification and, thus, violated 15 U.S.C. § 1692g(b), Brennan maintains, however, that there was no violation of the FDCPA because he "sent adequate verification of the debt [to Spears] in the October 30, 1996 notice of claim"
Brief of Appellee at 13. Specifically, Brennan claims that a copy of the consumer credit contract between Spears and American General attached to the notice of claim provided sufficient verification of the debt within the meaning of 15 U.S.C. § 1692g(b).

We cannot agree.

The contract in no way provides sufficient verification of the debt. A review of the document reveals that it identifies only the terms of Spears' loan, including a 17.99% annual interest rate and the original loan amount of $2,561.59. The loan *agreement contains* no accounting of any payments made by Spears, the dates on which those payments were made, the interest which had accrued or any late fees which had been assessed once Spears stopped making the required payments. Indeed, the existing unpaid contract balance at the time Brennan sent the debt collection notice was at least $350.00 more than the original loan amount. Therefore, Brennan violated 15 *U.S.C.* § 1692g(b) when he failed to cease collection of the debt by obtaining a default judgment against Spears after Spears had notified Brennan in writing that he was disputing the debt but before Brennan had mailed verification of the debt to Spears. See footnote. We reverse the trial court's entry of summary judgment in favor of Brennan on this issue."

7.

*15 U.S.C. §§ 1692g(a) and 1692 i,15 U.S.C. § 1692g(b) is in the nature of a statutory tort which is completed once the debt collector fails to cease his debt collection efforts after receiving written*

*notification that a debtor is disputing the debt but before mailing verification of the debt to the debtor. See Blakemore, 895 F. Supp at 984. As discussed previously, an FDCPA claim "has nothing to do with whether the underlying debt is valid. An FDCPA claim concerns the method of collecting the debt. It does not arise out of the transaction creating the debt[.]"Azar, 874 F. Supp. at 1318. Footnote: See 15 U.S.C. § 1692k (governing civil liability under the Act).*

8.

The case before this Honorable Court is in regard to a 3rd party, hearsay alleged account and, as outlined above in *Spears v. Brennan,* Issue Four, requires itemization.

9.

**The Indiana Court of Appeals opined that a "full ledger accounting" is proof of an alleged debt.**
None of the claims and allegations of the Defendant, Davis Law Firm, which were challenged by the Plaintiff's letter dated April 23, 2010, were ever competently validated by the Defendant. Such validation would have had to come through Co-Defendant, DKC Investments LLC the debt purchaser and through Co-Defendant, First National Bank of Omaha.

Again the Plaintiff states this case is not about any alleged monies or alleged accounts but rather what Defendant Davis Law Firm acting as an agent for DKC Law Firm LLC, did or did not do when challenged under FDCPA.

10.

The Defendant, Davis Law Firm admitted receipt of a validation of debt request and failed to properly validate the debt. Again, the validation of the debt would have required information to be provided by Co-Defendants DKC Investments LLC and Co-Defendant First National Bank of Omaha. Defendant Davis Law Firm. Davis Law Firm attempted to provide a 2 copies of alleged assignments and bills of sale which did not even have the correct account identification numbers on them for identification and did not meet the criteria for validation of debt under FDCPA..

11.

The response clearly shows that the Defendant, Davis Law Firm submitted inaccurate and erroneous information and further shows that the Co-Defendant, DKC Investments LLC and First National Bank of Omaha do not have the systems in place to prevent providing inaccurate and erroneous information. The documents have not been produced as evidence in this case and the

Plaintiff has had no opportunity to object to their authenticity or accuracy.

12.

The Plaintiff has not given permission to anyone to share the Plaintiffs personal information such as account numbers, social security numbers, bank account records, etc. Of course if these were obtained during discovery the Plaintiff would have had an opportunity to object to these documents and a motion could have been made to the court to compel by the Defendant as applicable. The Plaintiff sees this information being provided to this court without due process/discovery as a violation of the Plaintiffs personal information and a violation of UCC Title 42 invasion of privacy which is a felony under this Title, U.C.C. - ARTICLE 9 - SECURED TRANSACTIONS specifically 15 U.S.C. § 6802 : US Code - Section 6802: Obligations with respect to disclosures of personal information.

13

**Co-Defendant, DKC Investments states that the Plaintiff Fails to State a Claim upon which relief can be granted:**

In considering a motion to dismiss for failure to state a claim upon which relief can be granted, courts must accept as true all of the factual allegations pleaded in the complaint and draw all reasonable inferences in favor of the non-moving party. *See Bd. of Trs. of Bricklayers & Allied Craftsmen Local 6 of N.J. Welfare Fund v. Wettlin Assocs., Inc.*, 237 F.3d 270, 272 (3d Cir. 2001). Furthermore, a motion to dismiss will only be granted if it is clear that relief cannot be granted to the Plaintiff under any set of facts that could be proven consistent with the complaint's allegations. *See Hishon v. King & Spalding*, 467U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Erickson*, 127 S.Ct. at 2200.

**In *Erickson*.....**the Supreme Court stressed the *pro se* status of the plaintiff in *Erickson* — a far cry from the highly sophisticated antitrust counsel in *Bell Atlantic*: The Court of Appeals' departure from the liberal pleading standards set forth by Rule 8(a)(2) is even more pronounced in this particular case because petitioner has been proceeding, from the litigation's outset, without counsel. A document filed pro se is " to be liberally construed," *Estelle [v. Gamble]*, 429 U.S. [97] at 106, 97 S.Ct. 285, and " a pro se complaint, however in-artfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *ibid.* (internal quotation marks

omitted). Cf. Fed. Rule Civ. Proc. 8(f) (".. All pleadings shall be so construed as to do substantial justice" ).

And 14.

Federal Rule of Civil Procedure 8(a)(2) requires only " a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. ----, ---, 127 S.Ct. 1955, --- L.Ed.2d ----, ---- - ---- (2007) (slip op., at 7- 8) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

15.

In addition, when ruling on a Defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp., supra,* at 1955, 127 S.Ct. 1955 (slip op., at 8-9) (citing *Swierkiewicz v Sorema N.A.,* 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)); *Erickson,* 127 S.Ct. at 2200.

16.

The Plaintiff moves this honorable court to Dismiss Co-Defendants DKC Investments LLC's Motion To Dismiss and set these proceedings to Rule 26f.

The Law of Agency applies in this matter.

Respectfully submitted this 18th day of August 2010.

*LAWRENCE SACCATO*
Plaintiff ProSe'
Lawrence James Saccato
6387 Old Hwy 99S
Roseburg, Oregon 97471
541-784-2284
ljsaccato@gmail

# CERTIFICATE OF SERVICE

I hereby certify that a copies of the forgoing Third Amended Complaint for Case # 10-6192-TC with were sent by First Class Mail with postage prepaid through the United States Post Office to:

Clerk of the Court
Wayne L. Morse
United States Courthouse
405 East Eighth Avenue
Eugene, Oregon 97401

It was deposited in the United States Post Office in Winston Oregon on August 16, 2010.

Robert E. Sabido for Davis Law Firm
805 SW Broadway 8th Floor
Portland, Oregon 97205

Jeffrey Hasson for DKC Investments LLC
12707 NE Halsey Street
Portland, Oregon 97230

First National Bank of Omaha
Maureen O'Connor
1620 Dodge Street Stop 3290
Omaha, Nebraska 68197

They were deposited in the United States Post Office in Winston Oregon on August 16, 2010

*/s/ Lawrence Saccato*
Lawrence James Saccato, Plaintiff
c/o 6387 Old Highway 99 S
Roseburg, Oregon 97471
541-784-2284 mess.
ljsaccato@gmail.com

# CERTIFICATE OF SERVICE

I hereby certify that a copies of the forgoing Motion in Opposition to Co-Defendant DKC Investment's Motion to Dismiss for Case # 10-6192-TC with were sent by First Class Mail with postage prepaid through the United States Post Office to:

Clerk of the Court
Wayne L. Morse
United States Courthouse
405 East Eighth Avenue
Eugene, Oregon 97401

It was deposited in the United States Post Office in Winston Oregon on August 18, 2010.

Robert E. Sabido for Davis Law Firm
805 SW Broadway 8th Floor
Portland, Oregon 97205

Jeffrey Hasson for DKC Investments LLC
12707 NE Halsey Street
Portland, Oregon 97230

First National Bank of Omaha
Maureen O'Connor
1620 Dodge Street Stop 3290
Omaha, Nebraska 68197

They were deposited in the United States Post Office in Winston Oregon on August 18, 2010

*Lawrence Saccato*
Lawrence James Saccato, Plaintiff
c/o 6387 Old Highway 99 S
Roseburg, Oregon 97471
541-784-2284 mess.
ljsaccato@gmail.com