Jeffrey I. Hasson  
Davenport & Hasson, LLP  
12707 NE. Halsey Street  
Portland, OR  97230  
Phone: (503) 255-5352  
Facsimile No.: (503) 255-6124  
E-Mail: hasson@dhlaw.biz  
Oregon State Bar No. 872419  
Attorney for Defendant DKC Investments, LLC

Honorable Thomas M. Coffin

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| LAWRENCE JAMES SACCATO,<br><br>    Plaintiff,<br><br>vs.<br><br>DAVIS LAW FIRM, DKC INVESTMENTS, LLC, AND FIRST NATIONAL BANK OF OMAHA,<br><br>    Defendants. | Case No.: 6:10-CV-06192-TC<br><br>ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF DEFENDANT DKC INVESTMENTS, LLC |

COMES NOW Defendant DKC Investments, LLC (DKC), without waiving any objections, rights, and defenses relating to jurisdiction and process, hereby answers Plaintiff's Third Amended Complaint ("Plaintiff's Complaint") as follows:

I.  ANSWER

1.1    DKC admits this is an Action for damages, and DKC denies liability to Plaintiff.

1.2    DKC admits this court has jurisdiction over claims under the FDCPA, but denies violating the FDCPA, or any other liability to Plaintiff, and, therefore, denies this court has subject matter jurisdiction.

1.3    DKC admits it is a debt buyer.

Page 1.    ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF
           DEFENDANT DKC INVESTMENTS, LLC

    1.4    DKC admits Davis was engaged to file an Action for DKC against Plaintiff based on an unpaid First National Bank of Omaha account incurred by Plaintiff.

    1.5    The allegations related to Settlement Offers are not admissible and require no response.

    1.6    Except as so admitted, DKC denies each and every allegation in Plaintiff's Complaint.

## II. AFFIRMATIVE DEFENSES

Having answered Plaintiff's complaint, DKC alleges the following affirmative defenses.

    2.1    **Failure to State Claims**.

        a.    There is no state action so there can be no violation of the Civil Rights Act.

        b.    There was no furnishing of information to any credit reporting agency by DKC so there can be no violation of the FCRA by DKC.

        c.    Plaintiff did not dispute within 30 days of the initial communication by DKC so there can be no violation of 15 USC § 1692g by DKC.

    2.2    **Lack of Subject Matter Jurisdiction.**

        a.    There is no state action so there can be no violation of the Civil Rights Act.

        b.    There was no furnishing of information to any credit reporting agency by DKC so there can be no violation of the FCRA by DKC.

        c.    Plaintiff did not dispute within 30 days of the initial communication by DKC so there can be no violation of 15 USC § 1692g by DKC.

        d.    Davis verified the debt after receiving a dispute in writing from Plaintiff before taking further collection action so there can be no violation of 15 USC § 1692g by DKC.

    2.3    **Lack of Control.**  DKC did not direct and control communications sent by Davis to the Plaintiff.  Davis is not an employee of DKC.  As a result, there can be no vicarious liability of DKC for Davis.

    2.4    **Failure to Mitigate.**  Plaintiff failed to mitigate any damages which he may have

Page 2.    ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF DEFENDANT DKC INVESTMENTS, LLC

suffered.

2.5     **Bonafide Error.**  Any violation of law, which is specifically denied, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

2.6     **Good Faith Reliance.**  At all pertinent times, Defendant DKC acted in good faith reliance on the information provided by the creditor or original creditor of the account.

2.7     **Good Faith.**  Defendant DKC acted in good faith at all times.

2.8     **No False Statements.**  Defendant DKC did not make any false or misleading representation to Plaintiff or anyone else.

2.9     **Reliance.**  Plaintiff did not justifiably rely upon any alleged false or misleading representation.

2.10    **Reasonable and Lawful.**  All amounts attempted to be collected by Defendant DKC are reasonable and lawful pursuant to the common law and/or statutory law of Oregon.

### III. COUNTERCLAIMS

3.1     DKC is entitled to its reasonable attorney fees for defending Plaintiff's Civil Rights Action.

3.2     DKC is entitled to reasonable attorney fees for defending any claim against it based on the FCRA since DKC did not credit report.

3.3     DKC is entitled to reasonable attorney fees for defending any claim against it based on the FDCPA since it had no communication with Plaintiff other than through the lawful communication between Davis and Plaintiff.

### IV. PRAYER

Wherefore having fully answered Plaintiff's complaint, having interposed affirmative defenses and counterclaims, DKC prays for the following relief:

4.1     Dismissal of the Action with prejudice, and with costs and attorney fees to DKC.

  4.2  For such other and further relief as may be provided by law.

Dated August 24, 2010.

                DAVENPORT & HASSON, LLP

                s/ Jeffrey I. Hasson
                Jeffrey I. Hasson, OSB No. 872419
                Attorney for DKC

Page 4.  ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF
      DEFENDANT DKC INVESTMENTS, LLC

Certificate of Service

      I hereby certify that on August 24, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: <u>Robert Sabido</u>  and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:  Lawrence James Saccato, 6387 Old Hwy 99S, Roseburg, OR 97471.

      <u>s/ Jeffrey I. Hasson</u>
Jeffrey I. Hasson, OSB#872419
Attorney for DKC
Davenport & Hasson, LLP
12707 NE Halsey St.
Portland, OR 97230
Phone: (503) 255-5352
Facsimile: (503) 255-6124
E-Mail: hasson@dhlaw.biz

CERTIFICATE OF SERVICE -- Page 1

Davenport & Hasson, LLP
Attorneys at Law
12707 NE. Halsey Street
Portland, OR  97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124