IN THE UNITED STATES DISTRICT COURT
FOR OREGON EUGENE DIVISION

| | | |
|---|---|---|
| LAWRENCE JAMES SACCATO, | § § | CIVIL ACTION NO.10-6192-TC |
| Plaintiff, ProSe' | § § | |
| | § | OPPOSITION TO DEFENDANT |
| vs. | § § | DAVIS LAW FIRM'S MOTION TO DISMISS |
| DAVIS LAW FIRM, | § § | |
| Defendant | § § | |
| | § | (Unlawful Debt Collection |
| DKC INVESTMENTS, LLC a/s/o | § | Practices under 15 USC 1692 |
| | § | *et. seq*, and ORS 646.639 *et. seq.*) |
| Co-Defendant | § § | |
| FIRST NATIONAL BANK OF OMAHA, | § § § | |
| Co-Defendant, | § § | |

# OPPOSITION TO DEFENDANT DAVIS LAW FIRM'S MOTION TO DISMISS

Comes now the Plaintiff Lawrence James Saccato and hereby submits his opposition to the Defendant Davis Law Firm's Motion to Dismiss. The Plaintiff brought this action against the Defendant, Davis Law Firm (hereafter Davis). Davis Law Firm acted on behalf and for Co-Defendant, DKC Investments LLC. Davis, violated Plaintiffs Civil Rights with violation(s) of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692-1692p.

(1)

Davis is a debt collector and falls under the FDCPA. Davis was hired by DKC Investments, which also falls under the FDCPA, to collect an alleged debt from which allegedly originated with FNBO. Davis produced certain documents in the form of an assignment and bill of sale(s).

These alleged documents are defective on their face and the Plaintiff has not had the opportunity to verify the authenticity of the documents. Plaintiff is entitled to validation as to who is the true holder in due course and owner of the alleged debt as well as a clear chain of title of ownership. The documents alleging an assignment and bill of sale are nothing more than hearsay evidence of an alleged sale and are void lacking any alleged account number, amount of any alleged outstanding debt or consideration amount paid for the alleged debt. Any and all alleged contract(s) would need to verified, validated by a competent witness and this has not been done.

(2)

This case is about what Defendant Davis acting in agency with DKC Investments LLC and FNBO through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, **did or did not do when challenged under FDCPA and FCRA**. These laws are geared directly at the debt collection practices compliance and Fair Credit Reporting compliance It is what they are suppose to do when challenged in debt collection. It is also what a debt provider is required to do in credit reporting and having the proper systems in place to prevent errors. The law of agency applies in this matter.

(3)

The issues in this complaint are **not** of any alleged debt, but the methods used by Defendant Davis for and through DKC in violation of FDCPA 15 U.S.C. §§1692-1692p. Specifically, Plaintiff has incurred damages by virtue of Defendants having used harassment, oppression and abuse in the unfair and unconscionable methods conducted with regard to and in conjunction with that specified in FDCPA 15 U.S.C. §1692 § 802:

(4)

Defendant affirmative defense at paragraph 32., states that Plaintiff fails to state a claim against Davis upon which relief can be granted.

After being unable to resolve this matter through communications with the defendant, directly and via the credit reporting agencies, Plaintiff brought a number of state and federal claims against the

defendant, including but not limited to the FDCPA 15 USC 1692 *et. seq*, and ORS 646.639 *et. seq*. Plaintiff's complaint is well-plead and more than adequate and does comply with Federal Rule of Civil Procedure 8(a).

### NOTICE PLEADING

Under the federal practice of "notice pleading," Plaintiff must provide a short and plain statement of the claims alleging he is entitled to relief. Federal Rule of Civil Procedure 8(a); Janke Construction Co. v. Vulcan Materials Co., 527 F.2d 772 (7th Cir. 1974); Hrubec v. Nat. R. Pass. Corp., 981 F.2d 962 (7th Cir. 1992). Plaintiff is not required under Rule 8(a) to allege a cause of action or legal theory of the case. Hostrop v. Board of Junior College District No. 1, 523 F.2d 569 (7th Cir. 1975), cert. denied, 425 U.S. 963, 48 L. Ed.2d 208, 96 S.Ct. 1748 (1975).

There are "no technical forms of pleading" and Plaintiff's Original Complaint conforms with Rules 8(a), 8(e), 8(f) and 10 of the Federal Rules of Civil Procedure. Maynard v. General Electric Company, 486 F.2d 538 (4th Cir. 1973). Plaintiff is only required to set forth a short, concise and plain statement of their claim sufficient to advise the opposing party of the nature of the claim. Neizil v. Williams, 543 F. Supp. 899 (U.S.D.C. M.D. Fla. 1982); Ambling v. Blackstone Cattle Co., 658 F. Supp. 1459 (U.S.D.C. N.D. Ill. 1987). The complaint must be in general terms and need not be stated within a framework of a cause of action. Stanley v. Harper Buffing Machine Co., 28 F.R.D. 579 (U.S.D.C. Conn. 1961). Legal conclusions or statements of law must not be alleged in the complaint. Curacao Trading Co. v. Fed. Ins. Co., 3 F.R.D. 203 (U.S.D.C. N.Y. 1942). Further, plaintiff need not allege a theory of action. Id. Plaintiff need not specify under what law(s) his case arises. Ghebreslassie v. Coleman Secur. Svc., 829 F.2d 892 (9th Cir. 1987).

Plaintiff need not plead state laws. Lumberman's Mut. Cas. Co. v. Norris Grain Co., 343 F.2d 670 (8th Cir. 1965). State laws should not be plead as the federal court will take judicial notice of applicable state laws. Bower v. Casanave, 44 F. Supp. 501 (U.S.D.C. N.Y. 1941). Plaintiff need not state his legal theories and discuss all applicable laws or laws which might be applied by the court.

Federal courts employ notice pleadings. Plaintiff has done much more than merely put Defendants on notice of his claims. Fed.R.Civ.Proc. 8.

MOTION TO DISMISS SHOULD BE DENIED

(5)

Pursuant to Federal Rules of Civil Procedure 12(b) (6), and the jurisprudence construing same, when faced with a Motion to Dismiss under Rule 12(b) (6), the court must treat the facts alleged in the complaint as admitted. Ward v. Hudnall, 366 F.2d 247 (5th Cir. 1966); Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, 677 F.2d 1045, 1050 (5th Cir. 1982). Furthermore, the complaint is sufficient if it shows that plaintiff is entitled to any relief, regardless of whether it alleged the proper theory of the case. Janke Construction Co. v. Vulcan Materials Co., 527 F.2d 772 (7th Cir. 1974); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 1833 (1989).

Plaintiff's allegations must be treated and presumed as true and correct in all respects and plaintiff's factual allegations are to be liberally construed so that plaintiff is likewise afforded each and every favorable inference to be drawn therefrom. Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683 (1974); Miree v. Dekalb County, Georgia, 433 U.S. 25, 97 S.Ct. 2490 (1977). If admitted and taken as true, the allegations of the plaintiff's complaint do state claims upon which relief can be granted. Motions to Dismiss are not favored and are granted only when it appears to a certainty that no set of facts could be proven at trial which would entitle plaintiff to any relief. Dann v. Studebaker-Packard Corp., 288 F.2d 201 (6th Cir. 1961).

In considering a motion to dismiss for failure to state a claim upon which relief can be granted, courts must accept as true all of the factual allegations pleaded in the complaint and draw all reasonable inferences in favor of the non-moving party. See Bd. of Trs. of Bricklayers & Allied Craftsmen Local 6 of N.J. Welfare Fund v. Wettlin Assocs., Inc., 237 F.3d 270, 272 (3d Cir. 2001). Erickson, 127 S.Ct. at 2200. In Erickson, the Supreme Court stressed the pro se status of the plaintiff in Erickson — a far cry from the highly sophisticated antitrust counsel in Bell Atlantic: The

Court of Appeals' departure from the liberal pleading standards set forth by Rule 8(a)(2) is even more pronounced in this particular case because petitioner has been proceeding, from the litigation's outset, without counsel.

A document filed pro se is " to be liberally construed," Estelle [v. Gamble], 429 U.S. [97] at 106, 97 S.Ct. 285, and " a pro se complaint, however in artfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," ibid. (internal quotation marks omitted). Cf. Fed. Rule Civ. Proc. 8(f) (".. All pleadings shall be so construed as to do substantial justice" ). And Federal Rule of Civil Procedure 8(a)(2) requires only " a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... the claim and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. ----, ----, 127 S.Ct. 1955, --- L.Ed.2d ----, ---- - ---- (2007) (slip op., at 7- (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. Bell Atlantic Corp., supra, at 1955, 127 S.Ct. 1955 (slip op., at 8-9) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). Erickson, 127 S.Ct. at 2200.

MOTION TO DISMISS SHOULD BE DENIED.

(6)

Defendants Affirmative Defense at paragraph 33. Service of the summons and complaint on Davis Law Firm was insufficient.

Defendant Davis was served properly and proof of service is filed at Case 6:10-CV-06192-TC Document 15 Filed 08/26/10 Page 5 of 5 Page ID#: 92. Defendant filed an answer and other documents into case.

MOTION TO DISMISS SHOULD BE DENIED

(7)

Defendants Affirmative Defense at paragraph 36. Davis Law Firm properly verified the debt after receiving a written dispute from plaintiff, and before taking further collection action, therefore there can be no violation of 15 U.S.C. §1692g.

(a) Plaintiff will invoke the findings of the Indiana Court of Appeals in Spears v. Brennan, March 26, 2001 on such a defense.

At Issue Four: "Finally, we address Spears' claim that Brennan violated 15 U.S.C. § 1692g(b) when he failed to cease collection of the debt after receiving Spears' written notification, within the thirty-day debt validation period, that Spears was disputing the debt 15 U.S.C. § 1692g(b) reads: If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

I5 U.S.C. § 1692g(b) (emphasis added). On November 12, 1996, nineteen days after the date of Brennan's debt collection letter, Spears' counsel Shepard sent Brennan a letter declaring that Spears "disputes your debt collection-related allegations, denies the same, and demands strict proof and verification thereof." Record at 21. As such, Brennan should have ceased his debt collection efforts immediately upon receiving that letter. Instead, Brennan proceeded to obtain a default judgment against Spears on the debt collection claim before he had mailed Spears the necessary verification and, thus, violated I5 U.S.C. § 1692g(b), Brennan maintains, however, that there was no violation of the FDCPA because he "sent adequate verification of the debt [to Spears] in the October 30, 1996 notice of claim"

Brief of Appellee at 13. Specifically, Brennan claims that a copy of the consumer credit contract between Spears and American General attached to the notice of claim provided sufficient verification of the debt within the meaning of 15 U.S.C. § 1692g(b).

**We cannot agree**

***The contract in no way provides sufficient verification of the debt***. A review of the document reveals that it identifies only the terms of Spears' loan, including a 17.99% annual interest rate and the original loan amount of $2,561.59. The loan *agreement contains* no accounting of any payments made by Spears, the dates on which those payments were made, the interest which had accrued or any late fees which had been assessed once Spears stopped making the required payments. Indeed, the existing unpaid contract balance at the time Brennan sent the debt collection notice was at least $350.00 more than the original loan amount. Therefore, Brennan violated 15 *U.S.C.* § 1692g(b) when he failed to cease collection of the debt by obtaining a default judgment against Spears after Spears had notified Brennan in writing that he was disputing the debt but before Brennan had mailed verification of the debt to Spears. See footnote. We reverse the trial court's entry of summary judgment in favor of Brennan on this issue."

It is ludicrous to believe and simply assume that "what the 'debt collector' says is allegedly owed is absolutely to be taken as what is being owed," The Consumer has the right to demand strict proof of any alleged claim that is being demanded from them. How is one to know if there are any mistakes, omissions, error in claim, or especially what exactly the claim entails, without being provided with the particulars regarding that claim?

MOTION TO DISMISS SHOULD BE DENIED

(8)

Defendants Affirmative Defense at paragraph 37. "Any such violation of the FDCPA resulted from a bona fide, unintentional error not withstanding the maintenance of procedure reasonably adapted to avoid such an error.

Plaintiff will invoke the current Supreme Court Findings on such a defense.

SUPREME COURT OF THE UNITED STATES No. 08–1200 KAREN L. JERMAN, PETITIONER v. CARLISLE, MC-NELLIE, RINI, KRAMER & ULRICH LPA, ET AL. ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT [April 21 2010]   Congress has wide latitude, for instance, to revise §1692k to excuse some or all mistakes of law or grant broader discretion to district courts to adjust a plaintiff's recovery. This Court may not, however, read more into §1692k(c) than the statutory language naturally supports. We therefore hold that the bona fide error defense in §1692k(c) does not apply to a violation of the FDCPA resulting from a debt collector's incorrect interpretation of the requirements of that statute. JUSTICE SOTOMAYOR delivered the opinion of the Court.

The FCRA is supposed to receive a liberal construction in favor of consumers, not in favor of the credit and credit reporting industries. Guimond v. Trans Union Credit Information, Co.,45 F.3d 1329 (9th Cir. 1995) (Cal.); Klapper v. Shapiro, 586 N.Y. S.2d 846 (N.Y. Sup.1992); Kates v. Croker National Bank, 776 F.2d 1396, 1397 (9th Cir. 1995Litschitz v. American Express Co., 560 F. Supp. 458 (U.S.D.C. Pa. 1983); Jones v. Federated Financial Reserve Corp., 144 F.3d 961 (6th Cir. 1998) (Mich.).

MOTION TO DISMISS SHOULD BE DENIED.

(9)

Congressional findings and declaration of purpose

(a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy; and also in conjunction with FDCPA 15 U.S.C. §§1692(e) A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

(10)

The Plaintiff has incurred much personal, and financial damages as a result of Defendant Davis actions, pursuant to their violations of FDCPA 15 U.S.C. § 1692(d)(e)(f)(g); and in their activities and unconscionable acts against Plaintiff. The Defendant Davis has failed to adequately and competently validate any alleged debt, and continued collection activities.

MOTION TO DISMISS SHOULD BE DENIED.

(11)

15 U.S.C. §§ 1692g(a) and 1692 i,15 U.S.C. § 1692g(b) is in the nature of a statutory tort which is completed once the debt collector fails to cease his debt collection efforts after receiving written notification that a debtor is disputing the debt but before mailing verification of the debt to the debtor. See Blakemore, 895 F. Supp at 984. As discussed previously, an FDCPA claim "has nothing to do with whether the underlying debt is valid. An FDCPA claim concerns the method of collecting the debt. It does not arise out of the transaction creating the debt[.]"$Azar_t$ 874 F. Supp. at 1318. Footnote: See 15 U.S.C. § 1692k (governing civil liability under the Act).

(12)

The motion to dismiss before this Honorable Court is in regard to a 3rd party, hearsay of an alleged account and, as outlined above in *Spears v. Brennan,* Issue Four, requires itemization.

**The Indiana Court of Appeals opined that a "full ledger accounting" is proof of an alleged debt.**
None of the claims and allegations of the Defendant Davis Law Firm, which were challenged by the Plaintiff's letter dated April 23, 2010, were ever competently validated by the Defendant. Such validation would have had to come through Co-Defendant DKC Investments LLC the debt purchaser and through Co-Defendant First National Bank of Omaha.

(13)

Again the Plaintiff states this case is not about any alleged monies or alleged accounts but rather what Defendant Davis acting as an agent for DKC, did or did not do when challenged under FDCPA.

The plain language of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(a)(3) allowing oral consumer disputes to override the debt collector's assumption that the debt involved is valid, and not follow the contrary decision in Graziano v. Harrison, 950 F.2d 107 (3d Cir. 1991).₁ The debt collector's § 1692g notice had ignored the language of § 1692g(a)(3) and stated it would assume the debt was valid unless the consumer disputed the debt in writing. This issue is particularly important in relation to another provision, 15 U.S.C. § 1692e(8)2 which places the affirmative duty on the debt collector to include in any report to credit reporting agencies that the debt is disputed, again without any requirements that the dispute be in writing. Unfortunately, many debt collectors would like to ignore consumers' oral disputes and explanations. The brief points out that this was not the scheme of the FDCPA and that the FDCPA's two requirements for written communication by consumers only reinforces that Congress did not require all other consumer communications to be in writing.

(14)

The Defendant Davis admits receipt of a validation of debt request and failed to properly validate the debt and continued collection activities. The validation of the debt would have required information from Co-Defendants DKC and Co-Defendant FNBO. Defendant Davis attempted to provide 2 copies of alleged assignment(s) and bill(s) of sale which did not even have the correct account identification numbers on them for identification purposes, amount of alleged debt, or consideration paid and did not meet the criteria for validation of debt under FDCPA. They are nothing but hearsay and are an attempt at bringing fraud upon the consumer.

MOTION TO DISMISS SHOULD BE DENIED.

(15)

The response clearly shows that the Defendant Davis submitted inaccurate and erroneous information and further shows that the Co-Defendant FNBO does not have the systems in place to prevent the providing of inaccurate and erroneous information. The documents have not been produced as evidence in this case and the Plaintiff has had no opportunity to object to their authenticity or accuracy.

(16)

The Plaintiff moves this Honorable Court to Dismiss Defendant Davis Law Firm's Motion to Dismiss and set these proceedings to move to discovery pursuant to Rule 26 (f).

Respectfully submitted this 11th day of October 2010.

*Lawrence Saccato*

Plaintiff ProSe'
Lawrence James Saccato
6387 Old Hwy 99S
Roseburg, Oregon 97471
541-784-2284
ljsaccato@gmail