IN THE UNITED STATES DISTRICT COURT
FOR OREGON EUGENE DIVISION

Filed
10 OCT 13 10:53 USDC-ORE

| | |
|---|---|
| LAWRENCE JAMES SACCATO, | CIVIL ACTION NO.10-6192-TC |
| Plaintiff, ProSe' | |
| vs. | MOTION IN OPPOSITION TO CO-DEFENDANTS DKC INVESTMENTS LLC MOTION TO DISMISS |
| DAVIS LAW FIRM, | |
| Defendant | |
| DKC INVESTMENTS, LLC a/s/o | (Unlawful Debt Collection Practices under 15 USC 1692 *et. seq*, and ORS 646.639 *et. seq.*) |
| Co-Defendant | (Unlawful Fair Credit Reporting under 15 USC §1681, *et seq*) |
| FIRST NATIONAL BANK OF OMAHA, | |
| Co-Defendant, | |

## OPPOSITION TO CO-DEFENDANTS DKC INVESTMENTS LLC MOTION TO DISMISS

Comes now the Plaintiff and states as follows:

The Plaintiff has received the Defendants response to the complaint and states as follows. May it please the Court: the Plaintiff has disputed and requested validation of the alleged debt with Davis Law Firm, who was acting on behalf of DKC Investment LLC a debt purchaser which is governed by the FDCPA. Plaintiff has disputed with the Creditor First National Bank of Omaha and The Credit Reporting Agencies in the same time period and can produced certified mailings by Notary Presentment of the disputes as evidence in this case. This case is NOT about alleged accounts owed or monies owed or alleged debts. These Laws the FCRA, FDCPA and the CFDCA are geared at what the providers of accounts, credit grantors, debt collectors or divisions of companies that have internal debt collectors and credit reporters and or furnishers of credit

Page -1-

information belonging to a consumer are required to do upon notification of dispute or validations of said accounts.

(1)

Defendant DKC's Affirmative Defense at (2.1), States that the Plaintiff Fails to State a Claim upon which relief can be granted:

After being unable to resolve this matter through communications with the defendant, directly and via the credit reporting agencies, Plaintiff brought a number of state and federal claims against the defendant, including but not limited to the FDCPA 15 USC 1692 *et. seq*, and ORS 646.639 *et. seq*. Plaintiff's complaint is well-plead and more than adequate and does comply with Federal Rule of Civil Procedure 8(a).

NOTICE PLEADING

Under the federal practice of "notice pleading," Plaintiff must provide a short and plain statement of the claims alleging he is entitled to relief. Federal Rule of Civil Procedure 8(a);Janke Construction Co. v. Vulcan Materials Co., 527 F.2d 772 (7th Cir. 1974); Hrubec v. Nat. R. Pass. Corp., 981 F.2d 962 (7th Cir. 1992). Plaintiff is not required under Rule 8(a) to allege a cause of action or legal theory of the case. Hostrop v. Board of Junior College District No. 1, 523 F.2d 569 (7th Cir. 1975), cert. denied, 425 U.S. 963, 48 L. Ed.2d 208, 96 S.Ct. 1748 (1975).

There are "no technical forms of pleading" and Plaintiff's Original Complaint conforms with Rules 8(a), 8(e), 8(f) and 10 of the Federal Rules of Civil Procedure. Maynard v. General Electric Company, 486 F.2d 538 (4th Cir. 1973). Plaintiff is only required to set forth a short, concise and plain statement of their claim sufficient to advise the opposing party of the nature of the claim. Neizil v. Williams, 543 F. Supp. 899 (U.S.D.C. M.D. Fla. 1982); Ambling v. Blackstone Cattle Co., 658 F. Supp. 1459 (U.S.D.C. N.D. Ill. 1987). The complaint must be in general terms and need not be stated within a framework of a cause of action. Stanley v. Harper Buffing Machine Co., 28 F.R.D. 579 (U.S.D.C. Conn. 1961). Legal conclusions or statements of law must not be alleged in the complaint. Curacao Trading Co. v. Fed. Ins. Co., 3 F.R.D. 203

(U.S.D.C. N.Y. 1942). Further, plaintiff need not allege a theory of action. Id. Plaintiff need not specify under what law(s) his case arises. Ghebreslassie v. Coleman Secur. Svc., 829 F.2d 892 (9th Cir. 1987).

Plaintiff need not plead state laws. Lumberman's Mut. Cas. Co. v. Norris Grain Co., 343 F.2d 670 (8th Cir. 1965). State laws should not be plead as the federal court will take judicial notice of applicable state laws. Bower v. Casanave, 44 F. Supp. 501 (U.S.D.C. N.Y. 1941). Plaintiff need not state his legal theories and discuss all applicable laws or laws which might be applied by the court. Federal courts employ notice pleadings. Plaintiff has done much more than merely put Defendants on notice of his claims. Fed.R.Civ.Proc. 8.

(2)

DKC'S MOTION TO DISMISS SHOULD BE DENIED

Pursuant to Federal Rules of Civil Procedure 12(b) (6), and the jurisprudence construing same, when faced with a Motion to Dismiss under Rule 12(b) (6), the court must treat the facts alleged in the complaint as admitted. Ward v. Hudnall, 366 F.2d 247 (5th Cir. 1966); Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, 677 F.2d 1045, 1050 (5th Cir. 1982). Furthermore, the complaint is sufficient if it shows that plaintiff is entitled to any relief, regardless of whether it alleged the proper theory of the case. Janke Construction Co. v. Vulcan Materials Co., 527 F.2d 772 (7th Cir. 1974); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 1833 (1989).

Plaintiff's allegations must be treated and presumed as true and correct in all respects and plaintiff's factual allegations are to be liberally construed so that plaintiff is likewise afforded each and every favorable inference to be drawn therefrom. Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683 (1974); Miree v. Dekalb County, Georgia, 433 U.S. 25, 97 S.Ct. 2490 (1977). If admitted and taken as true, the allegations of the plaintiff's complaint do state claims upon which relief can be granted. Motions to Dismiss are not favored and are granted only when it appears to

a certainty that no set of facts could be proven at trial which would entitle plaintiff to any relief. Dann v. Studebaker-Packard Corp., 288 F.2d 201 (6th Cir. 1961).

In considering a motion to dismiss for failure to state a claim upon which relief can be granted, courts must accept as true all of the factual allegations pleaded in the complaint and draw all reasonable inferences in favor of the non-moving party. See Bd. of Trs. of Bricklayers & Allied Craftsmen Local 6 of N.J. Welfare Fund v. Wettlin Assocs., Inc., 237 F.3d 270, 272 (3d Cir. 2001). Erickson, 127 S.Ct. at 2200. In Erickson, the Supreme Court stressed the pro se status of the plaintiff in Erickson — a far cry from the highly sophisticated antitrust counsel in Bell Atlantic: The Court of Appeals' departure from the liberal pleading standards set forth by Rule 8(a)(2) is even more pronounced in this particular case because petitioner has been proceeding, from the litigation's outset, without counsel.

A document filed pro se is " to be liberally construed," Estelle [v. Gamble], 429 U.S. [97] at 106, 97 S.Ct. 285, and " a pro se complaint, however in artfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," ibid. (internal quotation marks omitted). Cf. Fed. Rule Civ. Proc. 8(f) (".. All pleadings shall be so construed as to do substantial justice" ). And Federal Rule of Civil Procedure 8(a)(2) requires only " a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... the claim and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. ----, ----, 127 S.Ct. 1955, --- L.Ed.2d ----, ---- - ---- (2007) (slip op., at 7- (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. Bell Atlantic Corp., supra, at 1955, 127 S.Ct. 1955 (slip op., at 8-9) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). Erickson, 127 S.Ct. at 2200.

(3)

Defendants Affirmative Defense at 2.2 Lack of Subject Matter Jurisdiction.

(a)     There is no state action so there can be no violation of the Civil Rights Act.

Plaintiff need not plead state laws. *Lumberman's Mut. CAO. Co. v. Norris Grain Co.*, 343 F.2d 670 (8th Cir. 1965). State laws should not be plead as the federal court will take judicial notice of applicable state laws. *Bower v. Casanova*, 44 F. Supp. 501 (U.S.D.C. N.Y. 1941). Plaintiff need not state his legal theories and discuss all applicable laws or laws which might be applied by the court. Federal courts employ notice pleadings. Plaintiff has done much more than merely put Defendants on notice of his claims. *Fed.R.Civ.Proc. 8*.

(4)

Defendants Affirmative Defense at 2.5 which states: "any violation of the law, which is specifically denied, was not intentional and resulted from a bonafide error"

(a) Plaintiff will invoke the current Supreme Court Findings on such a defense.

SUPREME COURT OF THE UNITED STATES No. 08–1200 KAREN L. JERMAN, PETITIONER v. CARLISLE, MC-NELLIE, RINI, KRAMER & ULRICH LPA, ET AL. ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT [April 21 2010] Congress has wide latitude, for instance, to revise §1692k to excuse some or all mistakes of law or grant broader discretion to district courts to adjust a plaintiff's recovery. This Court may not, however, read more into §1692k(c) than the statutory language naturally supports. We therefore hold that the bona fide error defense in §1692k(c) does not apply to a violation of the FDCPA resulting from a debt collector's incorrect interpretation of the requirements of that statute. JUSTICE SOTOMAYOR delivered the opinion of the Court.

The FCRA is supposed to receive a liberal construction in favor of consumers, not in favor of the credit and credit reporting industries. Guimond v. Trans Union Credit Information, Co.,45 F.3d 1329 (9th Cir. 1995) (Cal.); Klapper v. Shapiro, 586 N.Y. S.2d 846 (N.Y. Sup.1992); Kates v.

Croker National Bank, 776 F.2d 1396, 1397 (9th Cir. 1995Litschitz v. American Express Co., 560 F. Supp. 458 (U.S.D.C. Pa. 1983); Jones v. Federated Financial Reserve Corp., 144 F.3d 961 (6th Cir. 1998) (Mich.).

(5)

Defendant's affirmative defense at 2.10, Reasonable and Lawful. All amounts attempted to be collected by DKC are reasonable and lawful pursuant to the common law and/or statutory law of Oregon.

DKC by and through Davis Law Firm presented an alleged assignment and bill of sale from another debt purchaser who allegedly purchased the alleged debt from First National Bank of Omaha. The alleged assignments and bills of sale are nothing but third party hearsay and Plaintiff has not had any offer of proof as to the authenticity or validity of the documents. The documents were not presented as evidence and Plaintiff has not been allowed question the parties that allegedly executed the documents under oath. The documents do not have account numbers or how much was paid for the alleged debt and the Defendant(s) appear to be trying to bring fraud upon the consumer as well as the court.

(a)   Plaintiff will invoke Congressional findings and declaration of purpose. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy; and also, in conjunction with FDCPA 15 U.S.C. §§1692(e) A *debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.*

(b)   It is ludicrous to believe and simply assume that "what the 'debt collector' says is allegedly owed is absolutely to be taken as what is being owed." The Consumer has the right to demand strict proof of any alleged claim that is being demanded from them. How is one to know if there are any mistakes, omissions, error in claim, or especially what exactly the claim

entails, without being provided with the particulars regarding that claim? See *Spears v. Brennan,* Issue Four.

*Spears* v. *Brennan,* Indiana Court of Appeals, March 26, 2001, Issue Four: "Finally, we address Spears' claim that Brennan violated 15 U.S.C. § 1692g(b) when he failed to cease collection of the debt after receiving Spears' written notification, within the thirty-day debt validation period, that Spears was disputing the debt 15 U.S.C. § 1692g(b) reads: If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

I5 U.S.C. § 1692g(b) (emphasis added). On November 12, 1996, nineteen days after the date of Brennan's debt collection letter, Spears' counsel Shepard sent Brennan a letter declaring that Spears "disputes your debt collection-related allegations, denies the same, and demands strict proof and verification thereof." Record at 21. As such, Brennan should have ceased his debt collection efforts immediately upon receiving that letter. Instead, Brennan proceeded to obtain a default judgment against Spears on the debt collection claim before he had mailed Spears the necessary verification and, thus, violated I5 U.S.C. § 1692g(b). Brennan maintains, however, that there was no violation of the FDCPA because he "sent adequate verification of the debt [to Spears] in the October 30, 1996 notice of claim"Brief of Appellee at 13. Specifically, Brennan claims that a copy of the consumer credit contract between Spears and American General attached to the notice of claim provided sufficient verification of the debt within the meaning of 15 U.S.C. § 1692g(b).

## We cannot agree.

The <u>contract in no way provides sufficient verification of the debt</u>. A review of the document reveals that it identifies only the terms of Spears' loan, including a 17.99% annual interest rate and the original loan amount of $2,561.59. <u>The loan *agreement contains* no accounting of any payments made by Spears, the dates on which those payments were made, the interest which had accrued or any late fees which had been</u>

Page -7-

assessed once Spears stopped making the required payments. Indeed, the existing unpaid contract balance at the time Brennan sent the debt collection notice was at least $350.00 more than the original loan amount. Therefore, Brennan violated 15 *U.S.C.* § 1692g(b) when he failed to cease collection of the debt by obtaining a default judgment against Spears after Spears had notified Brennan in writing that he was disputing the debt but before Brennan had mailed verification of the debt to Spears. See footnote. We reverse the trial court's entry of summary judgment in favor of Brennan on this issue."

(6)

CONCLUSION

Plaintiff believes he had addressed and opposed all relevant arguments submitted by Mover defendant. Plaintiff intends to oppose each such argument and request by Mover. None of the claims by DKC are subject to dismissal and are not properly plead. Plaintiff respectfully asserts that DKC's motion to dismiss itself from this action should be denied.

(7)

Finally, the Plaintiff will be glad to accept any reasonable settlement agreement to this action amicable to both parties. Defendant will come anytime to the table to discuss same in order to save time and resources of both parties. The Plaintiff respectfully moves the court to Rule 16 and or Rule 26f in these matters.

Respectfully submitted this 11th day of October 2010.

*LAWRENCE SACCATO*

Plaintiff ProSe'
Lawrence James Saccato
6387 Old Hwy 99S
Roseburg, Oregon 97471
541-784-2284
ljsaccato@gmail

Page -8-

RECD#10 OCT 13 10:53USDC-ORE

# CERTIFICATE OF SERVICE

I hereby certify that a copies of the forgoing Opposition to Motion to Dismiss Davis Law Firm, Opposition to Motion to Dismiss Co-Defendant First National Bank of Omaha and Opposition to Dismiss for DKC Investments in Case # 10-6192-TC was sent by First Class Mail with postage prepaid through the United States Post Office to:

Clerk of the Court
Wayne L. Morse
United States Courthouse
405 East Eighth Avenue
Eugene, Oregon 97401

It was deposited in the United States Post Office in Winston, Oregon on October 11th, 2010.

Robert E. Sabido for Davis Law Firm and First National Bank of Omaha 805 SW Broadway 8th Floor, Portland, Oregon 97205

Jeffrey Hasson for DKC Investments LLC
12707 NE Halsey Street
Portland, Oregon 97230

They were deposited in the United States Post Office in Winston, Oregon on October 11th, 2010.

*Lawrence Saccato*
Lawrence James Saccato, Plaintiff
c/o 6387 Old Highway 99 S
Roseburg, Oregon 97471
541-784-2284 mess.
ljsaccato@gmail.com