IN THE UNITED STATES DISTRICT COURT
FOR OREGON EUGENE DIVISION

FILED 10 OCT 25 11:21 USDC-ORE

| | | |
|---|---|---|
| LAWRENCE JAMES SACCATO, | § § | CIVIL ACTION NO.10-6192-TC |
| Plaintiff, ProSe' | § § | |
| vs. | § § § | RESPONSE TO DEFENDANTS DAVIS LAW FIRMS ANSWER |
| DAVIS LAW FIRM, | § § § | AND AFFIRMATIVE DEFENSES AND MEMORANDUM IN SUPPORT |
| Defendant | § § | |
| DKC INVESTMENTS, LLC a/s/o | § § | (Unlawful Debt Collection Practices under 15 USC 1692 |
| Co-Defendant | § § § | *et. seq*, and ORS 646.639 *et. seq*.) (Unlawful Fair Credit Reporting under 15 USC §1681, *et seq*) |
| FIRST NATIONAL BANK OF OMAHA, | § § § | |
| Co-Defendant, | § | |

## RESPONSE TO DEFENDANT DAVIS LAW FIRM'S ANSWER AND AFFIRMATIVE DEFENSES AND MEMORANDUM IN SUPPORT

Comes now the Plaintiff and states as follows:

(1)

The Plaintiff has received the Defendant's answer to the complaint and states as follows. May it please the Court: the Plaintiff has disputed and requested validation of the alleged debt with Davis Law Firm, who was acting on behalf of DKC Investment LLC a debt purchaser and both are governed by the FDCPA. Plaintiff has disputed with the Creditor First National Bank of Omaha and The Credit Reporting Agencies in the same time period and can produced certified mailings by Notary Presentment of the disputes as evidence in this case. This case is NOT about

Page -1-

alleged accounts owed or monies owed or alleged debts. These Laws the FCRA, FDCPA and the CFDCA are geared at what the providers of accounts, credit grantors, debt collectors or divisions of companies that have internal debt collectors and credit reporters and or furnishers of credit information belonging to a consumer are required to do upon notification of dispute or validations of said accounts.

(2)

NOTICE PLEADING

Under the federal practice of "notice pleading," Plaintiff must provide a short and plain statement of the claims alleging he is entitled to relief. Federal Rule of Civil Procedure 8(a);Janke Construction Co. v. Vulcan Materials Co., 527 F.2d 772 (7th Cir. 1974); Hrubec v. Nat. R. Pass. Corp., 981 F.2d 962 (7th Cir. 1992). Plaintiff is not required under Rule 8(a) to allege a cause of action or legal theory of the case. Hostrop v. Board of Junior College District No. 1, 523 F.2d 569 (7th Cir. 1975), cert. denied, 425 U.S. 963, 48 L. Ed.2d 208, 96 S.Ct. 1748 (1975).

There are "no technical forms of pleading" and Plaintiff's Original Complaint conforms with Rules 8(a), 8(e), 8(f) and 10 of the Federal Rules of Civil Procedure. Maynard v. General Electric Company, 486 F.2d 538 (4th Cir. 1973). Plaintiff is only required to set forth a short, concise and plain statement of their claim sufficient to advise the opposing party of the nature of the claim. Neizil v. Williams, 543 F. Supp. 899 (U.S.D.C. M.D. Fla. 1982); Ambling v. Blackstone Cattle Co., 658 F. Supp. 1459 (U.S.D.C. N.D. Ill. 1987). The complaint must be in general terms and need not be stated within a framework of a cause of action. Stanley v. Harper Buffing Machine Co., 28 F.R.D. 579 (U.S.D.C. Conn. 1961). Legal conclusions or statements of law must not be alleged in the complaint. Curacao Trading Co. v. Fed. Ins. Co., 3 F.R.D. 203 (U.S.D.C. N.Y. 1942). Further, plaintiff need not allege a theory of action. Id. Plaintiff need not specify under what law(s) his case arises. Ghebreslassie v. Coleman Secur. Svc., 829 F.2d 892 (9th Cir. 1987).

(3)

The complaint is sufficient if it shows that plaintiff is entitled to any relief, regardless of whether it alleged the proper theory of the case. Janke Construction Co. v. Vulcan Materials Co., 527 F.2d 772 (7th Cir. 1974); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 1833 (1989).

Plaintiff's allegations must be treated and presumed as true and correct in all respects and plaintiff's factual allegations are to be liberally construed so that plaintiff is likewise afforded each and every favorable inference to be drawn therefrom. Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683 (1974); Miree v. Dekalb County, Georgia, 433 U.S. 25, 97 S.Ct. 2490 (1977). If admitted and taken as true, the allegations of the plaintiff's complaint do state claims upon which relief can be granted.

In Erickson, 127 S.Ct. at 2200. In Erickson, the Supreme Court stressed the pro se status of the plaintiff in Erickson — a far cry from the highly sophisticated antitrust counsel in Bell Atlantic: The Court of Appeals' departure from the liberal pleading standards set forth by Rule 8(a)(2) is even more pronounced in this particular case because petitioner has been proceeding, from the litigation's outset, without counsel.

A document filed pro se is " to be liberally construed," Estelle [v. Gamble], 429 U.S. [97] at 106, 97 S.Ct. 285, and " a pro se complaint, however in artfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," ibid. (internal quotation marks omitted). Cf. Fed. Rule Civ. Proc. 8(f) (".. All pleadings shall be so construed as to do substantial justice" ). And Federal Rule of Civil Procedure 8(a)(2) requires only " a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... the claim and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. ----, ----, 127 S.Ct. 1955, --- L.Ed.2d ----, ---- - ---- (2007) (slip op., at 7- (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

RESPONSE TO DAVIS LAW FIRM'S AFFIRMATIVE DEFENSES

(4)

Defendants Affirmative Defense at (32) states that "Plaintiff fails to state a claim against Davis upon which relief can be granted."

After being unable to resolve this matter through communications with the defendant, directly and via the credit reporting agencies, Plaintiff brought a number of state and federal claims against the defendant, including but not limited to the FDCPA 15 USC 1692 *et. seq*, and ORS 646.639 *et. seq*. Plaintiff's complaint is well-plead and more than adequate and does comply with Federal Rule of Civil Procedure 8(a).

(5)

Defendants Affirmative Defense at (33) which states:" Service of the summons and complaint on Davis Law Firm was insufficient.

Proof of service was effected on Davis Law Firm, Mary Westfall on July 23, 2010, Page ID#92.

(6)

Defendants Affirmative Defense at (34) "Davis Law Firm did not furnish any information to any credit reporting agencies. Therefore. The FCRA does not apply"

Plaintiff claim(s) against Davis Law Firm are brought under FDCPA, and not under FCRA, and acknowledges FCRA does not apply to Davis Law Firm.

(7)

Defendants Affirmative Defense at (36), which states Davis Law Firm properly verified the debt after receiving a written dispute from Plaintiff and before taking further collection action.

Davis Law Firm presented an alleged assignment and bill of sale to DKC Investments who allegedly obtained a bill of sale from another debt purchaser who allegedly purchased the alleged debt from First National Bank of Omaha. The alleged assignments and bills of sale are nothing more than third party hearsay and Plaintiff has not had any offer of proof as to the authenticity or validity of the documents. The documents were not presented as evidence and Plaintiff has not been allowed question the parties that allegedly executed the documents under oath. The documents do not have account numbers or how much was paid for the alleged debt and the Defendant(s) appear to be trying to bring fraud upon the consumer as well as the court.

(a)   Plaintiff will invoke Congressional findings and declaration of purpose. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy; and also, in conjunction with FDCPA 15 U.S.C. §§1692(e) A *debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.*

(b)   It is ludicrous to believe and simply assume that "what the 'debt collector' says is allegedly owed is absolutely to be taken as what is being owed," The Consumer has the right to demand strict proof of any alleged claim that is being demanded from them. How is one to know if there are any mistakes, omissions, error in claim, or especially what exactly the claim entails, without being provided with the particulars regarding that claim? See *Spears v. Brennan*, Issue Four.

*Spears* v. *Brennan*, Indiana Court of Appeals, March 26, 2001, Issue Four: "Finally, we address

Spears' claim that Brennan violated 15 U.S.C. § 1692g(b) when he failed to cease collection of the debt after receiving Spears' written notification, within the thirty-day debt validation period, that Spears was disputing the debt 15 U.S.C. § 1692g(b) reads: If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

I5 U.S.C. § 1692g(b) (emphasis added). On November 12, 1996, nineteen days after the date of Brennan's debt collection letter, Spears' counsel Shepard sent Brennan a letter declaring that Spears "disputes your debt collection-related allegations, denies the same, and demands strict proof and verification thereof." Record at 21. As such, Brennan should have ceased his debt collection efforts immediately upon receiving that letter. Instead, Brennan proceeded to obtain a default judgment against Spears on the debt collection claim before he had mailed Spears the necessary verification and, thus, violated I5 U.S.C. § 1692g(b), Brennan maintains, however, that there was no violation of the FDCPA because he "sent adequate verification of the debt [to Spears] in the October 30, 1996 notice of claim"Brief of Appellee at 13. Specifically, Brennan claims that a copy of the consumer credit contract between Spears and American General attached to the notice of claim provided sufficient verification of the debt within the meaning of 15 U.S.C. § 1692g(b).

**We cannot agree.**

The <u>contract in no way provides sufficient verification of the debt</u>. A review of the document reveals that it identifies only the terms of Spears' loan, including a 17.99% annual interest rate and the original loan amount of $2,561.59. The loan *agreement contains* <u>no accounting of any payments made by Spears, the dates on which those payments were made, the interest which had accrued or any late fees which had been assessed</u> once Spears stopped making the required payments. Indeed, the existing unpaid contract balance at the time Brennan sent the debt collection notice was at least $350.00 more than the original loan amount. Therefore, Brennan violated 15 *U.S.C.* § 1692g(b) when he failed to cease collection of the

debt by obtaining a default judgment against Spears after Spears had notified Brennan in writing that he was disputing the debt but before Brennan had mailed verification of the debt to Spears. See footnote. We reverse the trial court's entry of summary judgment in favor of Brennan on this issue."

(8)

Defendants Affirmative Defense at (37) which states: "To the extent that Plaintiff established a violation of the FDCPA, any such violation resulted from a bonafide unintentional error notwithstanding the maintenance of procedures reasonable adapted to avoid any such error"

   (a) Plaintiff will invoke the current Supreme Court Findings on such a defense.

SUPREME COURT OF THE UNITED STATES No. 08–1200 KAREN L. JERMAN, PETITIONER v. CARLISLE, MC-NELLIE, RINI, KRAMER & ULRICH LPA, ET AL. ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT [April 21 2010]  Congress has wide latitude, for instance, to revise §1692k to excuse some or all mistakes of law or grant broader discretion to district courts to adjust a plaintiff's recovery. This Court may not, however, read more into §1692k(c) than the statutory language naturally supports. We therefore hold that the bona fide error defense in §1692k(c) does not apply to a violation of the FDCPA resulting from a debt collector's incorrect interpretation of the requirements of that statute. JUSTICE SOTOMAYOR delivered the opinion of the Court.

(9)

Defendant's affirmative defense at (40), Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

The Defendant has misconstrued one-year statute of limitations incorrectly stated in their answer pursuant to 15 USC 1692k(d), sec. 813, Civil liability - An action to enforce any liability created by this title may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.

The Plaintiff's statute of limitations would not expire until February 22 2011, one year after the Plaintiff's validation was received by Defendant, which was utilized to validate and verify the Defendant's claim of the alleged debt and the alleged account pursuant to 15 USC 1692g, sec. 809 – Validation of debts, which the Defendant was willfully silent in answering, by written reply correspondence at anytime, to the Plaintiff's request

The Federal Ninth Circuit had addressed this issue of whether the statute of limitations ran from the date of the debt collector's allegedly violative conduct or from the date of discovery of the alleged violation. The court first noted that the "general federal rule is that 'a limitations period begins to run when the plaintiff knows or has reason to know of the injury which is the basis for the action.'" See: Norman-Bloodsaw v. Lawrence Berkeley Lab., 135 F.3d 1260, 1266 (9th Cir. 1998)).

(10)

CONCLUSION

Plaintiff believes he has met the pleading standards in his complaint as addressed above. Plaintiff believes he had addressed and opposed all relevant arguments submitted by Defendant Davis Law Firm. Plaintiff intends to oppose each such argument and request by Defendant. The counterclaim by Davis Law Firm is noted, but not ripe for decision as the Plaintiff's claims must be heard in advance.

(11)

In this matter, the Plaintiff's investigative discovery is still undetermined based solely on the Defendant's willful silence to verify and validate the alleged debt and alleged account that does not come into effect until after all federal and state administrative remedies have been completely satisfied. See: When a debt collector's liability for mistakes of misinterpreting the law. Jerman v. Carlisle, 538 F.3d 469, 471 (6th Cir. 2008).

(12)

Finally, the Plaintiff will be glad to accept any reasonable settlement agreement to this action amicable to both parties. Plaintiff will come anytime to the table to discuss same in order to save time and resources of both parties.

(13)

The Plaintiff respectfully moves the Court, to order the case to proceed to Rule 16 scheduling and Rule 26(f) discovery in this case.

Respectfully submitted this 22th day of October 2010.

*LAWRENCE SACCATO*

Plaintiff ProSe'
Lawrence James Saccato
6387 Old Hwy 99S
Roseburg, Oregon 97471
541-784-2284
ljsaccato@gmail

# CERTIFICATE OF SERVICE

I hereby certify that a copies of the forgoing Motion to Withdraw Plaintiff's Motion in Opposition to Motion to Dismiss for Davis Law Firm; and Response to Defendant Davis Law Firm Answer and Affirmative Defenses and Memorandum in Support; and Motion to Move to Rule 16 and 26(f) in Case # 10-6192-TC was sent by First Class Mail with postage prepaid through the United States Post Office to:

Clerk of the Court
Wayne L. Morse
United States Courthouse
405 East Eighth Avenue
Eugene, Oregon 97401

It was deposited in the United States Post Office in Winston, Oregon on October 22, 2010.

Robert E. Sabido for Davis Law Firm and
First National Bank of Omaha 805 SW Broadway 8th Floor,
Portland, Oregon 97205

Jeffrey Hasson for DKC Investments LLC
12707 NE Halsey Street
Portland, Oregon 97230

They were deposited in the United States Post Office in Winston, Oregon on October 22, 2010.

_Lawrence Saccato_
Lawrence James Saccato, Plaintiff
c/o 6387 Old Highway 99 S
Roseburg, Oregon 97471
541-784-2284 mess.
ljsaccato@gmail.com