Robert E. Sabido, OSB No. 96416
rsabido@cvk-law.com
COSGRAVE VERGEER KESTER LLP
805 SW Broadway, 8th Floor
Portland, Oregon 97205
Telephone:   (503) 323-9000
Facsimile:    (503) 323-9019

    Attorney for Defendant First National Bank of Omaha

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| LAWRENCE JAMES SACCATO,<br><br>    Plaintiff,<br>  v.<br><br>DAVIS LAW FIRM; DKC INVESTMENTS LLC a/s/o; FIRST NATIONAL BANK OF OMAHA,<br><br>    Defendants. | Case No. CV10-6192 TC<br><br>**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM OF DEFENDANT FIRST NATIONAL BANK OF OMAHA TO "FOURTH" AMENDED COMPLAINT** |

    Defendant First National Bank of Omaha ("FNBO") answers plaintiff's "fourth" amended complaint[1] ("the complaint") as follows:

**STATEMENT OF CLAIM AGAINST DAVIS LAW FIRM,
DKC INVESTMENT LLC AND FIRST NATIONAL BANK OF OMAHA**

    Admits that this court generally has subject matter jurisdiction over claims under the Fair Credit Reporting Act ("FCRA").  FNBO lacks sufficient information to form a belief as to the truth of the remaining allegations in the introductory paragraph of the complaint and, therefore, denies those allegations.

---

[1] On November 8, 2010, following the hearing on FNBO's motion to dismiss the third amended complaint, the court granted plaintiff leave to file a fourth amended complaint.  (Docket 38).  On November 23, 2010, instead of filing a fourth amended complaint, plaintiff filed a document titled "Plaintiff's Amendments to Third Amended Complaint."  The document sets forth amendments to paragraphs 20, 21 and 25 of the third amended complaint.  (Docket 42).  FNBO treats those amended paragraphs as incorporated into the third amended complaint, and responds to that version of the complaint as the "fourth" amended complaint.

Page 1 -   **ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM OF DEFENDANT FIRST NATIONAL BANK OF OMAHA TO "FOURTH" AMENDED COMPLAINT**

1099962

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

1.

Admits that the complaint purports to be based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the FCRA, 15 U.S.C. § 1681 *et seq.*, but denies the applicability of and/or any liability under those statutes.  FNBO lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 1 and, therefore, denies those allegations.

2.

FNBO lacks sufficient information to form a belief as to the truth of the allegations in paragraph 2 and, therefore, denies those allegations.

3.

Admits that its address is alleged in paragraph 3; that it generally furnishes information to credit reporting agencies; and that, when it engages in certain credit reporting activities, those activities may be governed by the applicable provisions of the FCRA.  FNBO denies the remaining allegations in paragraph 3.

4.

Admits that this court has subject matter jurisdiction over claims under the FDCPA and the FCRA, but denies the remaining allegations in paragraph 4.

5.

To the extent the allegations in paragraph 5 relate to it, FNBO denies those allegations.  To the extent those allegations relate to other defendants, FNBO lacks sufficient information to form a belief as to the truth of the allegations and, therefore, denies them.

6.

FNBO lacks sufficient information to form a belief as to the truth of the allegations in paragraph 6 and, therefore, denies those allegations.

Page 2 - **ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM OF DEFENDANT FIRST NATIONAL BANK OF OMAHA TO "FOURTH" AMENDED COMPLAINT**

1099962

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

7.

Admits that it reported the account at issue to Experian, Equifax and Trans Union ("the CRAs").  To the extent the remaining allegations in paragraph 7 relate to it, FNBO denies those allegations.  To the extent the remaining allegations relate to other defendants, FNBO lacks sufficient information to form a belief as to the truth of those allegations and, therefore, denies them.

## COUNT I

### VIOLATIONS OF FDCRA [sic] BY DAVIS LAW FIRM ON BEHALF OF DKC INVESTMENTS LLC

8.

The allegations in paragraph 8 are directed at another defendant(s) and, therefore, do not require a response from FNBO.  To the extent the allegations are directed at FNBO, FNBO denies them.

9.

The allegations in paragraph 9 are directed at another defendant(s) and, therefore, do not require a response from FNBO.  To the extent the allegations are directed at FNBO, FNBO denies them.

10.

The allegations in paragraph 10 are directed at another defendant(s) and, therefore, do not require a response from FNBO.  To the extent the allegations are directed at FNBO, FNBO denies them.

11.

The allegations in paragraph 11 are directed at another defendant(s) and, therefore, do not require a response from FNBO.  To the extent the allegations are directed at FNBO, FNBO denies them.

Page 3 - ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM OF DEFENDANT FIRST NATIONAL BANK OF OMAHA TO "FOURTH" AMENDED COMPLAINT

1099962

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

12.

The allegations in paragraph 12 are directed at another defendant(s) and, therefore, do not require a response from FNBO. To the extent the allegations are directed at FNBO, FNBO denies them.

13.

The allegations in paragraph 13 are directed at another defendant(s) and, therefore, do not require a response from FNBO. To the extent the allegations are directed at FNBO, FNBO denies them.

## COUNT II

### VIOLATIONS OF FDCRA [sic] BY DAVIS LAW FIRM ON BEHALF OF DKC INVESTMENTS LLC

14.

The allegations in paragraph 14 are directed at another defendant(s) and, therefore, do not require a response from FNBO. To the extent the allegations are directed at FNBO, FNBO denies them.

## COUNT III

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT BY CO-DEFENDANT FIRST NATIONAL BANK OF OMAHA

15.

FNBO lacks sufficient information to form a belief as to the truth of the allegations in paragraph 15 and, therefore, denies those allegations.

16.

Denies the allegations in paragraph 16.

17.

Admits that the provisions of the FCRA speak for themselves, but denies the remaining allegations in paragraph 17.

Page 4 - ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM OF DEFENDANT FIRST NATIONAL BANK OF OMAHA TO "FOURTH" AMENDED COMPLAINT

1099962

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

18.

Admits that the provisions of the FCRA speak for themselves, but denies the remaining allegations in paragraph 18.

19.

Admits that the provisions of the FCRA speak for themselves, but denies the remaining allegations in paragraph 19.

20.

Admits that the provisions of the FCRA speak for themselves; that in June 2009, it received by mail, notice of plaintiff's intent to file a lawsuit against FNBO and others; and that the content of that notice speaks for itself. FNBO denies the remaining allegations in paragraph 20.

## COUNT IV

### VIOLATION OF THE FCRA BY CO-DEFENDANT
### FIRST NATIONAL BANK OF OMAHA

21.

Admits that the provisions of the FCRA speak for themselves. FNBO denies the remaining allegations in paragraph 21, based in part on the lack of sufficient information to form a belief as to the truth of those allegations.

## COUNT V

### VIOLATION OF THE FCRA BY CO-DEFENDANT
### FIRST NATIONAL BANK OF OMAHA

22.

Admits that the provisions of the FCRA speak for themselves, but denies the remaining allegations in paragraph 22.

Page 5 -  ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM OF DEFENDANT FIRST NATIONAL BANK OF OMAHA TO "FOURTH" AMENDED COMPLAINT

1099962

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

23.

Admits that the provisions of the FCRA speak for themselves, but denies the remaining allegations in paragraph 23.

### COUNT V(2)[2]

### VIOLATION OF THE FCRA BY CO-DEFENDANT
### FIRST NATIONAL BANK OF OMAHA

24.

Denies the allegations in paragraph 24.

25.

Admits that the provisions of the FCRA speak for themselves, but denies the remaining allegations in paragraph 25.

### COUNT VI

### VIOLATION OF THE FCRA BY CO-DEFENDANT
### FIRST NATIONAL BANK OF OMAHA

26.

Denies the allegations in paragraph 26.

27.

Denies the allegations in paragraph 27.

### COUNT VII

### VIOLATIONS OF THE FDCRA [sic] BY DAVIS LAW FIRM ON BEHALF
### OF DKC INVESTMENTS LLC

28.

The allegations in paragraph 28 are directed at another defendant(s) and, therefore, do not require a response from FNBO. To the extent the allegations are directed at FNBO, FNBO denies them.

---

[2] The complaint has two "Count Vs." This section addresses the allegations in paragraphs 24 and 25, found in the second "Count V" of the complaint.

Page 6 - **ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM OF DEFENDANT FIRST NATIONAL BANK OF OMAHA TO "FOURTH" AMENDED COMPLAINT**

1099962

29.

Denies the allegations in paragraph 29.

30.

As to paragraph 30, FNBO admits and denies as alleged above.

## SUMMATION[3]

Admits that it sold the account at issue to Global Acceptance Credit Company LP, but lacks sufficient information to form a belief as to the truth of the allegations relating to any subsequent sale of the account. FNBO denies the remaining allegations in the "summation" section of the complaint.

31.

Except as specifically admitted, FNBO denies each and every allegation of the complaint.

## AFFIRMATIVE DEFENSES

32.

Plaintiff fails to state a claim against FNBO upon which relief can be granted.

33.

Plaintiff has no right of action under the FCRA for any alleged failure by FNBO to provide accurate information to the CRAs regarding the account at issue.

34.

Plaintiff has no right of action under the FCRA for any alleged failure by FNBO relating to its investigation of and/or response to a dispute received directly from plaintiff.

---

[3] FNBO responds to the allegations in the "summation" section of the third amended complaint. To the extent the allegations in the "summation" section of "Plaintiff's Amendments to Third Amended Complaint" are the operative allegations, FNBO denies those allegations in their entirety.

Page 7 -   ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM OF
           DEFENDANT FIRST NATIONAL BANK OF OMAHA TO "FOURTH"
           AMENDED COMPLAINT                                                    1099962

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

35.

To the extent plaintiff establishes a violation of the FCRA by FNBO, any such violation resulted from a bona fide, unintentional, and non-willful error notwithstanding reasonable procedures to ensure the maximum possible accuracy of FNBO's reports. Therefore, FNBO should not be held liable for any such violation.

36.

Any purported violation of the FCRA was technical, non-material, and de minimis in nature and, therefore, does not support a finding of liability or an award of damages or costs.

37.

Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

38.

Plaintiff's claims are barred, in whole or in part, by the doctrines of claim preclusion and/or issue preclusion.

39.

Plaintiff's damages, if any, were the result of his own fault or the fault of others for whom FNBO is not responsible or liable.

40.

At all times, FNBO acted in good faith and its conduct is justified by legitimate business motives, purposes and reasons.

41.

Plaintiff's claims are barred and/or limited by the limitation of liability in 15 U.S.C. §1681h(e).

42.

Plaintiff's damages, if any, were aggravated by his own failure to use reasonable diligence to mitigate them.

Page 8 -   ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM OF DEFENDANT FIRST NATIONAL BANK OF OMAHA TO "FOURTH" AMENDED COMPLAINT

1099962

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

## COUNTERCLAIM

43.

FNBO is entitled to recover its attorney's fees under 15 U.S.C. §§1681n(c) and 1681o(b).

## RESERVATION OF RIGHT TO AMEND

44.

FNBO reserves its right to amend and to add further defenses or claims, as relevant information becomes available.

WHEREFORE, FNBO prays for judgment in its favor on plaintiff's claims and on FNBO's counterclaim; for dismissal of plaintiff's claims with prejudice; for FNBO's attorney's fees, costs and disbursements; and for any other relief that the court decides is proper.

DATED:  December 6, 2010

                                COSGRAVE VERGEER KESTER LLP

                                /s/ Robert E. Sabido
                                Robert E. Sabido, OSB No. 96416
                                rsabido@cvk-law.com
                                Telephone: (503) 323-9000
                                Fax: (503) 323-9019

                                Attorney for Defendant First National Bank of Omaha

Page 9 -  ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM OF DEFENDANT FIRST NATIONAL BANK OF OMAHA TO "FOURTH" AMENDED COMPLAINT

1099962

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing **ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM OF DEFENDANT FIRST NATIONAL BANK OF OMAHA TO "FOURTH" AMENDED COMPLAINT** on the date indicated below by:

- ☒ mail with postage prepaid, deposited in the US mail at Portland, Oregon,
- ☐ hand delivery,
- ☐ facsimile transmission,
- ☐ overnight delivery,
- ☒ electronic filing notification;

I further certify that said copy was placed in a sealed envelope delivered as indicated above and addressed to said attorney(s) at the address(es) listed below:

Lawrence James Saccato
c/o 6387 Old 99 S.
Roseburg, OR 97471
    Plaintiff *pro se*

Jeffrey Hasson
Davenport & Hasson, LLP
12707 NE Halsey Street
Portland, OR 97230
    Attorney for Defendant DKC Investments LLC

    DATED: December 6, 2010

    /s/ Robert E. Sabido
    Robert E. Sabido

Page 1 - **CERTIFICATE OF SERVICE**

1099962