Frank H. Lagesen, OSB No. 690996
Internet e-mail: flagesen@cvk-law.com
Robert E. Sabido, OSB No. 96416
rsabido@cvk-law.com
COSGRAVE VERGEER KESTER LLP
805 SW Broadway, 8th Floor
Portland, Oregon 97205
Telephone:   (503) 323-9000
Facsimile:   (503) 323-9019

    Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| LAWRENCE JAMES SACCATO,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVIS LAW FIRM; DKC INVESTMENTS LLC a/s/o; FIRST NATIONAL BANK OF OMAHA,<br><br>    Defendants. | Case No. 6:10-cv-06192-HO<br><br>**Defendants' RESPONSE TO PLAINTIFF'S MOTION TO QUASH DEFENDANTS' SUBPOENA TO WELLS FARGO BANK**<br><br>**(Oral Argument Requested)** |

Defendants Davis Law Firm, DKC Investments LLC, and First National Bank of Omaha, by and through counsel, respond to plaintiff's March 30, 2011 Motion to Quash the subpoena the defendants intend to serve on Wells Fargo Bank in Portland, Oregon.

## BACKGROUND

Plaintiff's Third Amended Complaint ("TAC") purportedly alleges claims under the Fair Debt Collection Practices Act § 15 U.S.C., § 1692, *et seq.*, and under the Fair Credit Reporting Act 15 U.S.C. § 1681, *et seq*. Defendants are Davis Law Firm ("Davis"), which is alleged to be a debt collector (Complaint ¶ 1); DKC Investments, LLC

Page 1 - **Defendants' RESPONSE TO PLAINTIFF'S MOTION TO QUASH DEFENDANTS' SUBPOENA TO WELLS FARGO BANK** 1190285
COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

("DKC"), which is alleged to be a debt purchaser (TAC ¶ 2); and First National Bank of Omaha ("FNBO") alleged to be a credit lender (TAC ¶ 3).

In his TAC, plaintiff denies ever having any contractual agreement for credit, loans, or services in relationship with the defendant Davis or co-defendants FNBO and DKC (TAC ¶ 5).

If plaintiff's TAC is understood correctly, he is alleging that it wasn't until receiving credit reports in June 2009, October 2009, and in April 2010, that he became aware, through getting credit reports, that FNBO was listed on his credit reports and, according to plaintiff, reporting erroneous and inaccurate information (TAC ¶¶ 6 and 7). Plaintiff further alleged that the FNBO had never contacted the plaintiff at any time prior to the date of his TAC with any allegations of any alleged debt/account (TAC ¶ 7).

## STANDARDS

The party seeking to quash a subpoena bears the burden of persuasion under Rule 45(c)(3). *Moon v. SCP Pool Corporation, et al.*, 232 F.R.D. 633 (C.D. Cal., Dec. 7, 2005). Rule 45(c)(3)(A) sets forth the bases upon which a court "must" quash or modify a subpoena. The court must take action if the subpoena fails to "allow reasonable time to comply" or, "requires disclosure of privileged or other protected matter, if no exception or waiver applies" or, "subjects a person to undue burden." *Id*.

The court need not quash or modify a subpoena because the information sought may not seem relevant, or may not be admissible at trial. See Advisory Committee Notes on 1946 Amendments to Rule 26. The "scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules." *See Del Campo v.*

Page 2 - **Defendants' RESPONSE TO PLAINTIFF'S MOTION TO QUASH DEFENDANTS' SUBPOENA TO WELLS FARGO BANK** 1190285

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

*Kennedy*, 236 F.R.D. 454 (N.D. Cal., May 2, 2006) (citing Advisory Committee Notes to 1970 Amendments to Rule 45).

Under Rule 34, the scope of discovery is specified by Rule 26(b). Rule 26(b)(1) permits discovery in civil actions of "any non-privileged matter that is relevant to any party's claim or defense…". The matter inquired into need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*; *see also Exxon Shipping Co. v. U.S. Dept. of Interior*, 34 F.3d 774, 779 (9th Cir. 1994)(applying both Rule 26 and Rule 45 standards to rule on a motion to quash).

"The non-party witness is subject to the same scope of discovery under this rule as that person would be as a party to whom a request is addressed pursuant to Rule 34." *See* Advisory Committee Notes to 1991 Amendment to Rule 45.

## ARGUMENT

By their Subpoena, which is attached to the Declaration of Frank H. Lagesen (Lagesen Decl.) ¶ 2 Exhibit 1, defendants seek to obtain all documents related to Wells Fargo account number **** **** **** 6380. The reason for the subpoena is explained by Exhibit 2 (Lagesen Decl. ¶ 3 ), which appears to be a check dated March 1, 2007, in the amount of $17,000, payable to the order of Wells Fargo Bank, and to be deposited into account number **** **** **** 6380. The check payable to Wells Fargo and deposited in the subpoenaed account appears to have created the indebtedness to FNBO, which indebtedness plaintiff denies. See bracketed numbers on Exhibit 2 (Lagesen Decl. ¶ 3), which correspond, in part, with bracketed numbers on statements sent by FNBO to plaintiff at P.O. Box 143, Glide, Oregon 97443-0143 (Lagesen Decl. ¶ 4 Exhibit 3).

Page 3 -  **Defendants' RESPONSE TO PLAINTIFF'S MOTION TO QUASH DEFENDANTS' SUBPOENA TO WELLS FARGO BANK** 1190285
COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

Thus, the subpoenaed documents are important and discoverable because they relate to the very establishment of the indebtedness to FNBO. The subpoenaed documents are discoverable for another reason, and that is that they could well shed light as to whether the funds borrowed from FNBO was for consumer debt. The Fair Debt Collection Practices Act, which defines debt as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes…". 15 U.S.C. § 1692 A(5). If the money was not used for these purposes, plaintiff's FDCPA must be dismissed.

## CONCLUSION

Plaintiff's Motion to Quash should be denied as the documents being subpoenaed are vital to establishing the existence of the debt and the nature of the debt.

DATED: April 6, 2011

COSGRAVE VERGEER KESTER LLP

/s/ Frank H. Lagesen
_____
Frank H. Lagesen, OSB No. 69099
Robert E. Sabido, OSB No. 96416
Telephone: (503) 323-9000
Fax: (503) 323-9019
E-mail: flagesen@cvk-law.com
E-mail: rsabido@cvk-law.com

Attorneys for Defendants

Page 4 - **Defendants' RESPONSE TO PLAINTIFF'S MOTION TO QUASH DEFENDANTS' SUBPOENA TO WELLS FARGO BANK** 1190285
COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing **Defendants' RESPONSE TO PLAINTIFF'S MOTION TO QUASH DEFENDANTS' SUBPOENA TO WELLS FARGO BANK**

on the date indicated below by:

- ☒ mail with postage prepaid, deposited in the US mail at Portland, Oregon,
- ☐ hand delivery,
- ☐ facsimile transmission,
- ☐ overnight delivery,
- ☒ electronic mail

I further certify that said copy was placed in a sealed envelope delivered as indicated above and addressed to said attorney(s) at the address(es) listed below:

Lawrence James Saccato
c/o 6387 Old 99 S.
Roseburg, OR 97471
    Pro Se

DATED: April 6, 2011

                                       */s/ Frank H. Lagesen*
                                       Frank H. Lagesen
                                       Robert E. Sabido

Page 1 - **CERTIFICATE OF SERVICE**

1190285

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000