# UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

### EUGENE DIVISION

| | |
|---|---|
| LAWRENCE JAMES SACCATO, | Case No. CV-10-6192 TC |
| Plaintiff, | **SUBPOENA TO PRODUCE DOCUMENTS** |
| v. | |
| DAVIS LAW FIRM; DKC INVESTMENTS LLC a/s/o; FIRST NATIONAL BANK OF OMAHA, | |
| Defendants. | |

**TO: Records Custodian for Wells Fargo Bank**
   **1300 Southwest 5th Avenue**
   **Portland, OR 97201**

☒  *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

All Documents related to account number **** **** **** 6380, held by Lawrence James Saccato, SSN *** ** 8351, date of birth */*/55, 6387 Old 99 S., Roseburg, OR 97471 including but not limited to banks statements, credit card statements, deposit slips, payment records, account opening records, and correspondence and/or emails regarding all bank transactions.

| PLACE:   Frank H. Lagesen, Cosgrave Vergeer Kester, 805 SW Broadway, 8th Floor, Portland, OR 97205 | April 11, 2011 by 9:00 am |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

| | DATE April 4, 2011 |
|---|---|
| Frank H. Lagesen, OSB # 69099 Attorney for Defendants | |

EXHIBIT ____i____

PAGE __1__ OF __4__

1192393

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for Records Custodian for Wells Fargo Bank  was received by me on _____*(date)*.

☐    I personally served the subpoena on the individual at:

_____*(place)*

on _____*(date)*; or

☐    I left the subpoena at the individual's residence or usual place of abode

with _____*(name)*, a person of suitable age

and discretion who resides there, on _____*(date)*, and mailed a

copy to the individual's last known address; or

☐    I served the subpoena on _____*(name of individual)*, who is designated by law to accept service of process on behalf

of _____ *(name of organization)* on _____*(date)*;

or

☐    I returned the subpoena unexecuted because _____; or

☐    Other (specify): _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true.

Dated: _____                    _____
                                                                  Server's signature

                                                                  _____
                                                                  Printed name and title

                                                                  _____
                                                                  Server's address

Additional information regarding attempted service, etc.:

EXHIBIT __1__

PAGE __2__ OF __4__

1192393

---

**Federal Rule of Civil Procedure 45(c), (d) and (e)  (Effective 12/1/07)**

(c)        Protecting a Person Subject to a Subpoena.

(1) *Avoiding Undue Burden or Expense*; Sanctions.  A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.  The issuing court must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*  (A) *Appearance Not Required.*  A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.*  A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises – or to producing electronically stored information in the form or forms requested.  The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served.  If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.*  On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person – except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When* Permitted.  To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific

occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) requires a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) *Specifying Conditions as an Alternative.*  In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d)        Duties in Responding to a Subpoena.

1. *Producing Documents or Electronically Stored Information.*  These procedures apply to producing documents or electronically stored information.

(A) *Documents.*  A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.*  If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.*  The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.*  The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost.  If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b) (2)(C).  The court may specific conditions for discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.*  A person withholding subpoenaed information under a claim that is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

EXHIBIT     1

(B) *Information Produced.*  If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim.  The person who produced the information must preserve the information until the claim is resolved.

(e)      Contempt.

The issuing court may hold in contempt a person, who having been served, fails without adequate excuse to obey the subpoena.  A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

EXHIBIT ____1____

PAGE  4  OF  4

1192393